**HOMICO CONSTRUCTION & DEVELOPMENT COMPANY, Plaintiff,**

**Superintendent of Insurance of the State of New York, in his capacity as Liquidator of Union Indemnity Insurance Company of New York, Plaintiff–Appellant, Cross–Appellee**

v.

**TI–BERT SYSTEMS, INC., Defendant–Appellee, Cross–Appellant.**

**Nos. 90–3278, 90–3329.**

United States Court of Appeals, Sixth Circuit.

Argued March 26, 1991.

Decided July 25, 1991.

Bradford R. Carver (argued), Herman, Cahn & Schneider, Cleveland, Ohio, for plaintiff-appellant, cross-appellee.

Scott H. Ruport (argued), Ruport Company, Akron, Ohio, for defendant-appellee, cross-appellant.

Before JONES and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.[*]

SUHRHEINRICH, Circuit Judge.

This is an appeal and cross-appeal from an award of Rule 11 sanctions against the Superintendent of Insurance of the State of New York ("Superintendent"), following his voluntary dismissal of the complaint against defendants in this RICO action. Appellant argues that the court erred in awarding any sanctions at all. On cross-appeal, Ti–Bert Systems, Inc. ("Ti–Bert") argues that the district court erred in only awarding it attorneys' fees under Rule 11 from the date of appellant's motion to intervene, as opposed to from the date of the filing of the complaint. For the reasons stated below, we REVERSE the district court's award of sanctions against the Superintendent.

## I. FACTS

On October 17, 1984, Homico Construction and Development Company ("Homico") and Union Indemnity Insurance Company of New York ("Union Indemnity") filed a complaint alleging fraud against Ti–Bert in the Cuyahoga County Common Pleas Court. The complaint alleged that Ti–Bert fraudulently induced Homico to reduce its bid as minority subcontractor on the sewer projects rendering Union Indemnity's construction bonds null and void. A day later, on October 18, 1984, Ti–Bert filed a complaint in the Summit County Court of Common Pleas against Union Indemnity and Homico alleging breach of contract by Homico for failure to complete its subcontract, and seeking to enforce the construction bonds issued by Union Indemnity. These two separate actions were ultimately consolidated in the Summit County Court of Common Pleas.

On December 13, 1984, Union Indemnity and Homico initiated the federal action *sub judice* against Ti–Bert on alleged acts by Ti–Bert in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). Ti–Bert moved to dismiss the federal complaint but, on November 21, 1985, the court ruled that the allegations of federal mail fraud were sufficient to state a cause of action under RICO.

On February 10, 1986, after no action had been taken on the case, the court ordered the dismissal of Union Indemnity for failure to prosecute and ordered the remaining plaintiff, Homico, to respond to Ti–Bert's interrogatories by February 21, 1986, and to submit its RICO case statement by February 8, 1986. Instead of complying with the court's orders, Homico filed a "notice" of dismissal on February 24, 1986. While the dismissal issue was still pending, the New York Department of Insurance Liquidator ("Liquidator") filed a motion to intervene and for reconsideration of the February 10, 1986 order dismissing Union Indemnity for failure to prosecute. The Liquidator sought to be substituted in place of Union Indemnity, which had become insolvent, as the transferee of Union Indemnity's interest in the action. (The Superintendent was ultimately substituted for the Liquidator).

The court reinstated the action by denying Homico's "notice" of dismissal, vacating the order dismissing Union Indemnity, and granting the Liquidator's motion to substitute itself as plaintiff in place of Union Indemnity. The trial date was then rescheduled on a standby basis for the two-week period beginning August 11, 1986.

On the eve of the trial, the Liquidator moved to dismiss his complaint against Ti–Bert. On August 18, 1986, Homico also moved to dismiss the complaint against Ti–Bert. Following a brief hearing, the court issued an order dismissing Homico's and the Liquidator's claims with prejudice and subject to Ti–Bert's right to file for attor-

---

[*] The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

ney fees. After obtaining an extension of time from the court, Ti–Bert filed an application for attorney's fees and costs on December 22, 1986.

■ On January 26, 1987, the court referred the motion of the defendant for attorney fees to the magistrate for a report and recommendation as to whether fees should be allowed and, if so, in what amount.[1] On September 18, 1989, the magistrate filed a "Memorandum Opinion and Order" which recommended a denial of Ti–Bert's application for attorney fees under 28 U.S.C. § 1927, but recommended a grant of sanctions under Fed.R.Civ.P. 11 against the Superintendent, who had since been substituted for the Liquidator. On December 22, 1989, after conducting a hearing, the district court denied the objections of both parties and adopted the recommendation of the magistrate requiring the Superintendent to pay Ti–Bert the sum of $20,-647.88.

## II:

In *Cooter & Gell v. Hartmax Corp.,* — U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court held that an appellate court should apply an abuse of discretion standard in reviewing all aspects of a district court's Rule 11 determination. *See also INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391 (6th Cir.1987); *Albright v. Upjohn Co.,* 788 F.2d 1217 (6th Cir.1986). Rule 11 provides in relevant part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be *signed* by at least one attorney of record in the attorney's individual name, whose address shall be stated. A

party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address.... The *signature of an attorney or party* constitutes a certificate by the *signer* that the *signer* has read the pleading, motion, or other paper; that to the best of the *signer's* knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11 (emphasis added). If the court determines that a violation of Rule 11 has occurred, sanctions may be awarded against "the person who signed it, a *represented party* or both...." Fed.R.Civ.P. 11 (emphasis added).

■ Under a plain reading of Rule 11, a party, as opposed to an attorney, may be sanctioned in one of two circumstances. First a *signing party,* that is a party who actually signs a pleading or paper which is determined to be frivolous or filed for an improper purpose, may be sanctioned for an independent violation of Rule 11. *See Business Guides, Inc. v. Chromatic Communications, Enters. Inc.,* — U.S. ——, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Second, a *non-signing* party may be sanctioned under the "represented party" clause of Rule 11 if it is determined that his attorney has filed a pleading or other paper which is frivolous or filed for an improper purpose.

■ In this case, the district court specifically concluded that appellant's attorney

---

1. On December 22, 1986, the court referred this matter to the magistrate "for a report and recommendation as to whether fees should be allowed, and if so, in what amount." We note that, since the case was dismissed prior to consideration of sanctions, this was not a "pretrial matter" and, thus, could not have been properly referred to the magistrate under section 636(b)(1)(A). Further, subparagraph (B) allows referral to a magistrate only those dispositive motions "excepted in subparagraph (A)." Motions specifically excepted in subparagraph (A) include: "a motion for injunctive relief, for judgment on the pleadings, for summary judg-

ment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." A rule 11 motion is not dispositive and, further, is not specifically excepted under subparagraph (A). Thus, we assume that this matter was referred under section 636(b)(3), which provides: "A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."

did not violate Rule 11 in filing any pleading or paper. Thus, appellant could not be sanctioned under the "represented party" clause of Rule 11. Further, a review of Union Indemnity's complaint and the Liquidator's motion to intervene reveal that neither of these papers were signed by the parties.[2] The district court could not, then, sanction the appellant under the "signing party" clause of Rule 11. Since the Superintendent could not be sanctioned under either the "represented party" or "signing party" clauses of Rule 11, we have no choice but to find that the district court's award of sanctions against him was an "abuse of discretion."[3]

Because we hold that the district court erred in awarding sanctions against the Superintendent in this instance, we need not consider Ti–Bert's cross-appeal alleging an insufficient award of sanctions.

REVERSED.

CHARLES W. JOINER, Senior District Judge, dissenting. I dissent. The use by the defendant of the procedures and processes of the courts in an attempt to force settlement without an intent to go to trial, all as found by the magistrate judge, justify the award of sanctions against the defendant. Since the sanction was not appropriate under Fed.R.Civ.P. 11, I would remand for consideration of sanctions under the inherent power of the court. *Chambers v. NASCO, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

---

2. Since the Liquidator substituted himself for Union Indemnity, which filed the original complaint, and the Superintendent substituted himself for the Liquidator, who filed the motion to intervene, the argument may be made that the Superintendent is accountable for these pleadings.

3. We also note that the issue of whether a court may impose sanctions on a party under the "improper purpose" clause for voluntarily dismissing a "non-frivolous" complaint on the eve of trial is an issue of first impression in this circuit. Both the Fifth Circuit and the Ninth Circuit, which are the only two circuits which have considered the issue, have held that a party may not be sanctioned under the improper purpose clause of Rule 11 for filing a complaint which complies with the "well grounded in fact and warranted by existing law" clause of Rule 11. *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1130, n. 20 (5th Cir.1987); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir. 1986); *Townsend v. Holman Consulting Corp.,* 914 F.2d 1136, 1140 (9th Cir.1990) ("determination of improper purpose must be supported by a determination of frivolousness when complaint is at issue."). Because of our holding today, we need not decide this issue herein.