HAWAIIAN CROW ('ALALA), an endangered species; Hawaii Audubon Society, a Hawaii non-profit corporation; and National Audubon Society, a New York non-profit corporation, Plaintiffs,

v.

Manuel LUJAN, Jr., Secretary, Department of the Interior; John F. Turner, Director, United States Fish and Wildlife Service; McCandless Properties, a Hawaii general partnership; McCandless Land & Cattle Co., a Hawaii limited partnership; Cynthia M. Salley; and Elizabeth M. Stack, Defendants.

Civ. No. 91–00191 DAE.

United States District Court,
D. Hawai'i.

Sept. 13, 1991.

Edwin Oyarzo, on briefs, San Francisco, CA, for McCandless defendants.

Denise E. Antolini, on briefs, Paul P. Spaulding, III, Sierra Club Legal Defense Fund, Honolulu, HI, Michael R. Sherwood, Sierra Club Legal Defense Fund, San Francisco, CA, for plaintiffs Hawaiian Crow, Hawaii Audubon Society and National Audubon Society.

*ORDER GRANTING THE McCANDLESS DEFENDANTS' MOTION TO DISMISS THE 'ALALA AND TO STRIKE ITS NAME FROM THE CAPTION, DENYING THEIR MOTION FOR SANCTIONS, GRANTING THEIR MOTION FOR MORE DEFINITE STATEMENT, AND GRANTING McCANDLESS PROPERTIES' MOTION TO DISMISS THE COMPLAINT AS AGAINST IT*

DAVID ALAN EZRA, District Judge.

The motion to dismiss, for sanctions, and for more definite statement of defendants McCandless Properties, McCandless Land & Cattle Company ("ML & C"), Cynthia M. Salley ("Salley"), and Elizabeth M. Stack ("Stack") (collectively "the McCandless defendants") was set for determination by this court on September 16, 1991. The court determined this matter to be appropriate for submission on the briefs without the need for oral argument. Edwin Oyarzo, Esq. appeared on the briefs for the McCandless defendants; Denise E. Antolini, Esq. appeared on the briefs on behalf of plaintiffs Hawaiian Crow ("the 'Alala"), Hawaii Audubon Society, and National Audubon Society (collectively "plaintiffs"). Defendants Manuel Lujan, Jr. and John F. Turner ("federal defendants") did not file briefs with regard to the instant motion. The court having reviewed the motion and the memoranda submitted in support thereof and in opposition thereto, and being fully advised as to the premises herein, GRANTS the McCandless defendants' motion to dismiss the 'Alala as a plaintiff and to strike its name from the complaint, DENIES their motion for sanctions, GRANTS their motion for more definite statement, and GRANTS McCandless Properties' motion for dismissal of the complaint as against it.

*BACKGROUND*

The 'Alala is a bird protected by the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.* ("ESA"). *See* 50 C.F.R. § 17.11. It is believed unique to the Hawaiian islands, where plaintiffs allege a total of only twenty-one birds survive. Complaint at ¶ 6, 14. Eleven 'Alala survive in a captive breeding population on the Island of Maui; approximately ten more survive on the Island of Hawaii. *Id.* at ¶ 6. Of those ten 'Alala remaining in the wild, nine allegedly live on certain property known as McCandless Ranch, located in the South Kona district on the Island of Hawaii. *Id.* at ¶ 16. Plaintiffs allege the McCandless defendants either own or lease the McCandless Ranch property. *Id.* at ¶ 13.

In 1982, the federal defendants adopted the 'Alala Recovery Plan ("the Plan"), a program required by the ESA, 16 U.S.C. § 1533(f), and designed to prevent the species' extinction. *See* Complaint, Exhibit "B." The Plan requires the federal defendants to take affirmative steps to preserve the 'Alala from extinction. These include the capturing and removal of 'Alala and/or their eggs from the wild population for the purpose of assisting the captive breeding process. The McCandless defendants have allegedly refused the federal defendants entry to the McCandless Ranch property, thereby frustrating implementation of the Plan, and the federal defendants have failed to take legal action to obtain a right of entry over the McCandless defendants' objection.

On October 31, 1990, plaintiffs notified the federal defendants of their intent to take legal action if the federal defendants did not act immediately to implement the Plan. Such notice is required by the ESA, 16 U.S.C. § 1540(g)(2)(A)(i). Not satisfied with the federal defendants' response, plaintiffs filed a complaint for declaratory and injunctive relief in this court on April 4, 1991. Plaintiffs sue under the ESA's citizen suit provision, 16 U.S.C. § 1540(g). The complaint alleges the federal defendants have failed in their statutory duty to protect the 'Alala by refusing to implement the Plan. Plaintiffs name the McCandless defendants

as necessary parties under Federal Rule of Civil Procedure 19(a), but they do not assert the McCandless defendants have violated the ESA. *See* Complaint at ¶ 13.

The McCandless defendants now move under Federal Rule of Civil Procedure 12(b)(6) for dismissal of the 'Alala as a plaintiff and deletion of its name from the caption. They argue a bird has no standing to sue under the ESA, and they seek sanctions under Federal Rule of Civil Procedure 11 on the ground that there is no authority for naming a bird as a plaintiff. Next, the McCandless defendants move under Federal Rule of Civil Procedure 12(e) for a more definite statement as to which portions of the McCandless Ranch property plaintiffs demand the federal defendants obtain access to. Finally, defendant McCandless Properties seeks dismissal of the entire complaint as against it, alleging it has no interest in the McCandless Ranch property.

*DISCUSSION*

I. *Whether the 'Alala is a Proper Plaintiff*

The ESA authorizes enforcement suits by "any person." 16 U.S.C. § 1540(g)(1). It defines the term "person" to mean "an individual, corporation, partnership, trust, association, or any other private entity...." *Id.* at § 1532(13). The statute does not define "entity," but the dictionary describes that term generally as "[a] real being" and, more specifically, as "[a]n organization that possesses separate existence for tax purposes;" for example, "corporations, partnerships, estates and trusts." Black's Law Dictionary at 477 (5th Ed.1979).

The McCandless defendants argue that the 'Alala is not a "person" within the meaning of the ESA and that it therefore cannot sue under the statute. They also point out that Federal Rule of Civil Procedure 17(c), the rule plaintiffs cite as authority for the 'Alala's appearance as a party in this action,[1] speaks only to infants and incompetent persons, not birds.

Plaintiffs concede no court has addressed expressly whether an animal may constitute

---

1. *See* Complaint at ¶ 6.

a "person" within the meaning of the ESA's citizen suit provision. *See* Plaintiffs' Memorandum in Opposition at 4. However, they cite several cases applying the ESA in which animals have appeared as named parties. *See, e.g., Mt. Graham Red Squirrel v. Yeutter,* 930 F.2d 703 (9th Cir.1991); *Palila v. Hawaii Dept. of Land & Natural Resources,* 852 F.2d 1106 (9th Cir.1988);[2] *Northern Spotted Owl v. Hodel,* 716 F.Supp. 479 (W.D.Wash.1988); *Northern Spotted Owl v. Lujan,* 758 F.Supp. 621 (W.D.Wash.1991).

In none of the cases cited did the defendants challenge the suing species' standing or the propriety of naming those species as plaintiffs. Additionally, in none of the cases cited did the species appear as the *only* plaintiff. Therefore, the cited cases do not directly support plaintiffs' position here. The court finds the plain language of Rule 17(c) and section 1540(g) does not authorize the 'Alala to sue. It is clearly neither a "person" as defined in section 1532(13), nor an infant or incompetent person under Rule 17(c).

All of the relief sought in this action can be obtained by the Audubon Societies, regardless whether the 'Alala itself remains a named plaintiff. Plaintiffs do not argue otherwise. Moreover, apart from asserting that animals and inanimate objects commonly appear as named plaintiffs in suits under a variety of statutes, plaintiffs offer no explanation as to *why* the 'Alala must appear as a named plaintiff in this particular suit. Therefore, the court grants the McCandless defendants' motion to dismiss the 'Alala as a plaintiff in this action.[3] Further, the court hereby orders the 'Alala's name stricken from the caption.

The court declines to award sanctions under Rule 11 on the ground that plaintiffs' counsel acted improperly in filing a complaint that named the 'Alala as a party. Rule 11 addresses the problem of frivolous filings and misuse of judicial procedure as a tool for harassment. *Stewart v. American Intern. Oil & Gas Co.,* 845 F.2d 196, 201 (9th Cir.1988); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986). The rule requires every attorney filing a signed, written document with the court to make a reasonable inquiry into the facts and the law supporting that document. The inquiry must be reasonable under "all the circumstances of the case." *Townsend v. Holman Consulting Corp.,* 914 F.2d 1136, 1142 (9th Cir.1990) (en banc).

The court applies an objective standard to determine whether a filing is frivolous or submitted for an improper purpose. *Id.* A filing is frivolous under Rule 11 if it is unreasonable when viewed from the perspective of a competent attorney admitted to practice before the district court. *Zaldivar,* 780 F.2d at 830.

The court cannot conclude either that plaintiffs' counsel failed to conduct a reasonable inquiry into the facts and the law or that they harbored an improper purpose when they named the 'Alala as a party. Although they have cited no controlling case law directly supporting the 'Alala's right to appear as a named plaintiff, neither have the McCandless defendants presented any direct authority to the contrary. Numerous cases have permitted species to appear as named parties, albeit without an analysis of the standing question. Therefore, under all the circumstances of this case, a competent attorney admitted to practice before this court would not have concluded that naming the

---

**2.** Plaintiffs make much of the following language in *Palila:*

> As an endangered species under the Endangered Species Act ..., the bird (*Loxioides bailleui*), a member of the Hawaiian honeycreeper family, also has legal status and wings its way into federal court as a plaintiff in its own right.

852 F.2d at 1107 (italics in original). However, this language is *dictum;* the defendants in *Palila* never challenged the bird's standing, so the Ninth Circuit had no occasion to address it. Read in context, the quoted language appears to

be merely an acknowledgment by the Ninth Circuit that the bird itself had in fact been named as a party.

**3.** Because the court dismisses the 'Alala as a plaintiff, the court reaches neither the McCandless defendants' argument that the 'Alala has no right to sue because it failed to give the sixty-day notice required by 16 U.S.C. § 1540(g)(2)(A)(i), nor plaintiffs' rebuttal that the McCandless defendants lack standing to raise that argument. *See* Plaintiffs' Memorandum in Opposition at 7.

'Alala was contrary to existing law. There is no evidence plaintiffs named the 'Alala for an improper purpose. Accordingly, the court denies the McCandless defendants' request for sanctions.

## II. *Motion for More Definite Statement*

█ Although the complaint seeks an order directing the federal defendants to enter the McCandless Ranch property, it does not specify which particular portion of that property may be affected. The McCandless defendants move under Rule 12(e) for a more definite statement, contending they cannot reasonably answer the complaint as written. Plaintiffs respond that they cannot know precisely where the 'Alala are located, and consequently which parts of the McCandless Ranch may be affected, until after completion of further discovery.

The Plan describes the 'Alala's various roosting locations on the Island of Hawaii in terms of "essential habitat." Complaint, Exhibit "B" at 38–42. The McCandless defendants are entitled to know whether plaintiffs intend to demand access by the federal defendants only to essential habitat locations within the McCandless Ranch's boundaries or to all portions of the Ranch. The court notes that the specificity the McCandless defendants request could obviate the need for this lawsuit, since they may be willing to provide access voluntarily if the affected area is limited. Therefore, the court grants the motion for more definite statement under Rule 12(e).

Plaintiffs shall amend their complaint to specify whether they seek to compel access only to essential habitat locations delineated in the Plan or to both the essential habitat lands and additional portions of the McCandless Ranch property. To the extent possible given the amount of information they possess, plaintiffs shall pinpoint those areas within the essential habitat locations that may be affected.

## III. *Whether McCandless Properties is a Proper Defendant*

█ Plaintiffs have named McCandless Properties, as well as the remaining McCandless defendants, under Rule 19. The alleged basis for joining them is that they own or lease the McCandless Ranch land, upon which the wild 'Alala roost. Complaint at ¶ 13. McCandless Properties denies it owns or leases any land on the Island of Hawaii,[4] and it therefore asks the court to dismiss the complaint as against it under Rule 12(b)(6).[5] It does not contest that any of the remaining McCandless defendants may own an interest in the McCandless Ranch property.

ML & C is a Hawaii limited partnership and a general partner in McCandless Properties.[6] Stack is also a general partner in McCandless Properties. Neither Stack nor ML & C affirmatively admits or denies ownership of the McCandless Ranch property. Plaintiffs similarly offer no affirmative proof of that property's ownership; however, they appear to assume it is owned by either Stack or ML & C. They point out that under H.R.S. § 425–113, a general partnership is liable for the wrongful acts of its general partners, provided the latter act in the ordinary course of the general partnership's business. They maintain, on the basis of section 425–113, that McCandless Properties is liable for the wrongful acts of Stack and ML & C, one or both of whom purportedly owns the McCandless Ranch land.

By their own admission, plaintiffs do not allege any ESA claim directly against any of the McCandless defendants, including Stack and ML & C. *See* Complaint at ¶ 13; Plaintiffs' Memorandum in Opposition at 7, 10 (McCandless defendants joined solely for

---

**4.** *See* McCandless Defendants' Memorandum in Support, Affidavit of Cynthia M. Salley at ¶ 5.

**5.** In their Memorandum in Opposition, plaintiffs offered to stipulate to dismissal of McCandless Properties, provided the remaining McCandless defendants would waive all right to later demand McCandless Properties' rejoinder under Rule 19. Memorandum in Opposition at 10. To date, the parties have been unable to agree on the terms of any stipulation to dismiss McCandless Properties. *See* McCandless Defendants' Supplemental Reply Memorandum at 2.

**6.** Defendant Salley is ML & C's general partner. McCandless Defendants' Memorandum in Support, Salley Affidavit at ¶ 2.

**554**

purposes of Rule 19). The McCandless defendants have an interest in this litigation only to the extent they may be forced to yield access to the McCandless Ranch land should plaintiffs prevail against the federal defendants in their efforts to compel implementation of the Plan. Therefore, there is no "wrongful act" that could be imputed to McCandless Properties under H.R.S. § 425–113. Moreover, even if such a wrongful act had been committed, there is nothing in the record to suggest that either ML & C or Stack committed it in the ordinary course of McCandless Properties' business. Accordingly, the court dismisses the complaint as against McCandless Properties.

### CONCLUSION

For the reasons stated above, the court: (1) GRANTS the McCandless defendants' motion to dismiss the 'Alala and strike its name from the complaint; (2) DENIES the McCandless defendants' motion for sanctions; (3) GRANTS the McCandless defendants' motion for more definite statement; and (4) GRANTS defendant McCandless Properties' motion to dismiss the complaint as against it.

IT IS SO ORDERED.