945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FRESH FRUIT AND VEGETABLE WORKERS, LOCAL 78-B, AFL-CIO,
Plaintiff-Appellee,
v.
BUD ANTLE, INC., Defendant-Appellant.
 Nos. 90-15016, 90-15112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1991.
Decided Sept. 30, 1991.
 
 Before ALARCON, BOOCHEVER and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bud Antle, Inc. (Antle) appeals from an order awarding attorney's fees and other expenses to Fresh Fruit & Vegetable Workers Local 78-B (Union) under Rule 11 of the Federal Rules of Civil Procedure. Antle seeks reversal because the district court did not provide Antle with prior notice of its intention to award sanctions under Rule 11 contrary to the law of this circuit. Antle further contends that the district court failed to identify the signed document that it believed violated the requirements of Rule 11. We agree. We reverse and remand for further proceedings.
 
 
 3
 The Union has cross-appealed from the order awarding attorney's fees on the ground that the district court abused its discretion in basing the amount of the award on the rate paid by the Union to its attorney in this matter. We do not imply whether any attorney's fee should be awarded but we briefly address this issue because of the possibility that it may arise again. We conclude that the court did not abuse its discretion in establishing the amount of the award.
 
 
 4
 * Antle first argues that the district court erred in awarding sanctions under Rule 11 because the district court failed to give Antle prior notice that it was considering the imposition of Rule 11 sanctions. Antle asserts that while the court informed it that an award of attorney's fees was being considered, the district court did not state that such award would be imposed as a sanction under Rule 11. We review the imposition of sanctions under Rule 11 for abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990).
 
 Rule 11 states in part:
 
 5
 If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 6
 Fed.R.Civ.P. 11.
 
 
 7
 Due process requires that the awarding of Rule 11 sanctions must be preceded by notice and a hearing that provides an opportunity to respond. See Tom Growney Equip., Inc. v. Shelly Irrigation Dev., Inc., 834 F.2d 833, 836 (9th Cir.1987). Antle had no notice that the district court was considering Rule 11 sanctions. In a letter to Antle's counsel dated October 19, 1988, the Union stated that it intended to seek Rule 11 sanctions. The Union failed to file a motion for the imposition of sanctions under Rule 11.
 
 
 8
 The Union's Petition for Order to Compel Arbitration requested attorney's fees and costs of suit. No authority was cited in support of this request. The Union's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, dated March 23, 1989, argued that a court had the inherent power to award attorney's fees because Antle had acted in bad faith in refusing to arbitrate. No reference was made to the imposition of sanctions under Rule 11 by the Union in its points and authorities. The first mention of the imposition of sanctions pursuant to Rule 11 appears in the district court's final order filed on December 20, 1989. At the hearing to set attorney's fees on December 8, 1989, the district court implied that it was not considering imposing any sanctions. The court commented as follows:
 
 
 9
 Well, I do agree that these are not really sanctions. These are compensation for out of pocket expenses ...
 
 II
 
 10
 The failure of the district court to give Antle notice that it was considering Rule 11 sanctions deprived Antle of the opportunity to present evidence that it had not violated Rule 11. Accordingly, reversal is compelled under the law of this circuit.
 
 
 11
 Antle also argues that there was no signed "pleading, motion, or other paper" that violated Rule 11. See Brief for Antle at 14. The district court did not specify which signed paper, if any, gave rise to Rule 11 sanctions. The order simply states in relevant part that "This court hereby: ... (c) determines that the monetary sanctions to which Local 78-B is entitled include not only attorney's fees and costs of suit but also other expenses; (d) awards Local 78-B, against Bud Antle, F.R.Civ.P., Rule 11, monetary sanctions of $5,180--$4,655 attorney's fees, $120 costs of suit, and $405 other expenses; ... (g) denies Local 78-B's present motion for monetary sanctions, except to the extent that this motion has been granted already."
 
 
 12
 The court explained in its order dated June 16, 1989, awarding attorney's fees that Antle had "refused to arbitrate the underlying grievance without legal justification and in order to delay the proceedings and confuse the issues." A sanction may only be imposed if a signed paper is filed under Rule 11 in violation of the rule. Rule 11 sanctions cannot be imposed for conduct evincing a refusal to arbitrate not involving a signed document.
 
 III
 
 13
 The Union contends that the district court's order can be sustained as a sanction for Antle's bad faith in refusing to arbitrate without specification of any signed document. We do not reach this question because the present record does not set forth any findings that would support a sanction for bad faith. As noted above, the record contains the court's comment on December 8, 1989 that "these are not really sanctions." Earlier, on June 19, 1989, however, the district court explained that it was awarding attorney's fees because of Antle's refusal to arbitrate. The court's final order makes no reference to a bad faith sanction. It relies solely on Rule 11. We cannot reconcile these facially inconsistent comments on this record. In reviewing an order awarding sanctions pursuant to Rule 11, "we must know to what we defer; when we are not certain of the district court's reasoning, or when we cannot discern whether the district court considered the relevant factors, we must remand." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir.1990) (en banc).
 
 IV
 
 14
 While we express no opinion whether any attorney's fees should be awarded, in the interest of efficiency, we address the Union's allegation that the court abused its discretion by limiting the amount of fees awarded to those actually paid by the Union. We conclude that had the court properly awarded fees, it would not abuse its discretion in limiting the award to the amount actually paid by the Union. The Union cites no cases in which there was a reversal of a district court's decision to award fees at the rate actually paid. The law of this circuit rejects awards that create a windfall by granting fees in excess of those paid. See In re Yagman, 796 F.2d 1165, 1185 (9th Cir.1986) ("Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action.") Consequently, the district court did not abuse its discretion in the selection of the hourly rate.
 
 CONCLUSION
 
 15
 Because the district court failed to give adequate notice that it was considering the imposition of Rule 11 sanctions, and failed to specify the signed paper that violated the requirements of the law, we are compelled to reverse. Should the district court conclude upon remand that sanctions should be imposed, it is directed to prepare written findings and conclusions setting forth the written document relied upon, if Rule 11 sanction are imposed, or the specific facts showing bad faith, if sanctions are imposed on that ground. In reversing and remanding, we express no view regarding whether any form of sanction may be appropriate in this matter.
 
 
 16
 REVERSED AND REMANDED.
 
 
 17
 The cross-appeal is DISMISSED as moot.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3