**Patrick TOWNSEND, Karen Townsend, Plaintiffs–Appellants,**

**v.**

**HOLMAN CONSULTING CORPORATION, Defendant,**

**and**

**Towers, Perrin, Forster & Crosby; Trust Services of America, Inc.; American Insurance Administrators; International Union of Operating Engineers, Local 12, AFL–CIO, Defendants–Appellees.**

Nos. 87–5825, 87–6154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 1990.

Decided Sept. 6, 1990.

Fred L. Wright and Ralph Rogari, Torrance, Cal., for plaintiffs-appellants.

Robert G. Wilson and John P. Reitman, Wilson & Reitman, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, Chief Judge, WALLACE, TANG, FLETCHER, PREGERSON, POOLE, NELSON, CANBY, NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

FLETCHER, Circuit Judge:

Fred Wright, attorney for the Townsends, appeals two orders of the district court imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure. He argues that even though he signed pleadings containing certain frivolous requests for relief, the pleadings nonetheless could not be the subject of sanctions because they also included certain non-frivolous requests for relief. A three-judge panel of this court, struggling with seemingly inconsistent decisions concerning Rule 11 sanctions, ruled in Wright's favor and reversed

the orders imposing sanctions. *Townsend v. Holman Consulting Corp.*, 881 F.2d 788 (9th Cir.1989). Judge Noonan dissented. We vacate the panel's decision, affirm the district court in part, and remand in part.

I

Following an unsuccessful state court action, Townsend sued in federal district court to compel his employer's Employee Benefit Plan (Plan) to pay certain medical benefits. The action sought money damages and a declaration voiding certain contracts under which the Plan had agreed to indemnify its fiduciaries. These claims have been resolved in an unpublished memorandum disposition and are not before us.

Townsend's complaint named numerous defendants, including the law partnership of Wilson & Reitman (Wilson), the Plan's attorneys. Townsend alleged that Wilson advised the Plan to adopt certain provisions challenged in the suit, counseled the Plan's administrators not to make certain payments to Townsend, and improperly obstructed Townsend's unsuccessful state court suit.

Wilson moved to dismiss the complaint and requested sanctions under Rule 11. Included with this motion was the affidavit of one of the attorneys, which stated that Wilson played no role in the adoption, implementation or administration of the Plan. A second affidavit, from the Plan's president, similarly stated that Wilson played no role in the adoption of the Plan, and in fact the firm was unaware of the existence of the Plan prior to the filing of the state court action. Townsend offered no evidence to rebut the affidavits. It is undisputed that Wilson played no role in the actions of the Plan which gave rise to the claims against the other defendants.

Townsend then filed a first amended complaint. The amendment deleted the allegation that Wilson had given advice to adopt the Plan. However, it continued to name Wilson and to allege that Wilson was involved in the conduct for which Townsend sought relief.

Wilson again moved, with supporting papers, to dismiss and for Rule 11 sanctions.

Following a hearing, the district court again dismissed the complaint, giving Townsend leave to file a second amended complaint against all parties except Wilson. The court also imposed a $3,000 sanction against Wright for persisting in naming the Plan's attorneys. The court found that Wright had sued Wilson without reasonable investigation, without adequate basis in law or fact, and for purposes of harassment. Wright appealed the sanction order.

After filing a notice of appeal, Wright moved for reconsideration of the sanction order, or in the alternative for a stay pending appeal. The district court denied this motion, and imposed an additional $500 sanction against Wright on the ground that his motion for reconsideration was frivolous because his prior filing of a notice of appeal divested the district court of jurisdiction and on the ground that his motion for a stay was frivolous because it failed to comply with Fed.R.Civ.P. 62. Wright appealed the order that imposed the further sanction. This appeal was consolidated with Wright's appeal of the first sanction order.

The original panel reversed both sanction orders. First, the panel concluded that the district court's finding that Wright filed the complaint for purposes of harassment was not supported by the record. The panel further concluded that neither pleading could be sanctioned as frivolous because neither was frivolous in its entirety: the first amended complaint was not frivolous as to all the parties it named, and the motion for reconsideration was not frivolous in asking for a stay pending appeal. We took the case en banc to reconsider our cases regarding Rule 11 sanctions for partially frivolous pleadings.

II

Rule 11, Fed.R.Civ.P., provides:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable in-

quiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction.

■ Our cases have established that sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is "frivolous." *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986). The word "frivolous" does not appear anywhere in the text of the Rule; rather, it is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry. Either the improper purpose or frivolousness ground is sufficient to sustain a sanction; however, if a district court cites both grounds, we should consider both on appeal because whether the paper is only frivolous or both harassing and frivolous could affect the nature of the sanction or the amount of damages awarded as a result of the sanction. *Cf. Hudson v. Moore Business Forms, Inc.,* 836 F.2d 1156, 1163–64 (9th Cir.1987) (affirming the district court's reasoning only in part and remanding for recalculation of the award).

■ Although the "improper purpose" and "frivolousness" inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose. The standard governing both inquiries is objective. *Zaldivar,* 780 F.2d at 829. With regard to complaints which initiate actions, we have held that such complaints are not filed for an improper purpose if they are non-frivolous. *Id.* at 832. Since subjective evidence of the signer's purpose is to be disregarded, *id.* at 829, the "improper purpose" inquiry subsumes the "frivolousness" inquiry in this class of cases. The reason for the rule

regarding complaints is that the complaint is, of course, the document which embodies the plaintiff's cause of action and it is the vehicle through which he enforces his substantive legal rights.[1] Enforcement of those rights benefits not only individual plaintiffs but may benefit the public, since the bringing of meritorious lawsuits by private individuals is one way that public policies are advanced. As we recognized in *Zaldivar,* it would be counterproductive to use Rule 11 to penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure. *Id.* at 834.

■ In this case, the district court imposed sanctions on account of allegations in the first amended complaint on both the frivolousness and the improper purpose grounds. The court stated

> Plaintiff did not make the "reasonable inquiry" required by Rule 11 and it is found that suing the lawyers was not in good faith and for the purposes of harassment.

Because the finding of no reasonable inquiry is tantamount to a finding of frivolousness, we must address the frivolousness issue in this case. We would have to discuss the issue in any event, because a determination of improper purpose must be supported by a determination of frivolousness when a complaint is at issue. It is to the frivolousness issue that we now turn.

### A.

■ Much of our Rule 11 jurisprudence concerning the "frivolousness" prong has been influenced by the misinterpretation of the following passage in *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1540–41 (9th Cir.1986):

> Nothing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or *ground for relief* contained in a non-frivolous motion is found by the district court to be unjustified.

1. The same is true of counterclaims.

(Emphasis added). *Golden Eagle* addressed two questions: first, whether a lawyer's failure to identify a legal argument as an argument for the "extension" of existing law rather than as one for the application of existing law was sanctionable under Rule 11; second, whether a lawyer's failure to cite contrary authority in violation of American Bar Association ethical rules was sanctionable under the Rule. The court was dealing with legal arguments, not with allegations or claims. Although the italicized phrase, "ground for relief," from the above-quoted passage could be understood to mean "claim," it is clear from the context of *Golden Eagle* that it refers to arguments in support of claims. The passage simply means that if there is a colorable claim to a particular type of relief on a given set of facts and the signer relies on an unsupportable legal theory to bolster his claim when a supportable one exists as well, the signer cannot be sanctioned under Rule 11. In short *Golden Eagle* did not purport to deal with unwarranted allegations or claims; rather it held that legal arguments advanced by counsel do not violate Rule 11 simply by virtue of the fact that counsel's conduct does not comport with ethical rules of the American Bar Association.

In *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202, 1205 (9th Cir. 1988), we interpreted the quoted passage from *Golden Eagle* to include not just arguments but allegations, and we did so without any discussion or elaboration. We simply held, "Rule 11 permits sanctions only when the pleading as a whole is frivolous or of a harassing nature, not when one of the *allegations* or arguments in the pleading may be so characterized." *Id.* (Emphasis added). Bound by *Murphy*, we followed this interpretation of *Golden Eagle* in *Community Electric Serv. of Los Angeles, Inc. v. National Electrical Contractors Ass'n, Inc.*, 869 F.2d 1235, 1242–43 (9th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 236, 107 L.Ed.2d 187 (1990), and in *Romero v. City of Pomona*, 883 F.2d 1418, 1429 (9th Cir.1989). Under the logic of *Murphy* and *Community Electrical*, the panel majority's decision in this case was understandable. As an en banc court, we use this opportunity to overrule *Murphy*. We do so for the following reasons.

The Supreme Court in *Cooter & Gell v. Hartmarx Corp.*, — U.S. ——, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990), stated, "It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts. See Advisory Committee Note on Rule 11, 28 U.S.C.App., p. 576." It would ill serve the purpose of deterrence to allow, as does *Murphy*, a "safe harbor" for improper or unwarranted allegations. Under *Murphy*, a party that has one non-frivolous claim may pile on frivolous allegations without a significant fear of sanctions. Under the three-judge panel majority's extension of *Murphy* in this case, a party with one non-frivolous claim frivolously could add defendants without a significant fear of sanctions.

Were the rules of joinder of claims and parties in the federal courts less liberal, the threat to the deterrent purpose of Rule 11 would be containable by a rule such as the one adopted by the majority of the three-judge panel in this case. But the Federal Rules of Civil Procedure place no limits on the joinder of unrelated claims and parties in a single pleading.

We recognize that Rule 11 "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Cooter & Gell*, 110 S.Ct. at 2454. Were vigorous advocacy to be chilled by the excessive use of sanctions, wrongs would go uncompensated. Attorneys, because of fear of sanctions, might turn down cases on behalf of individuals seeking to have the courts recognize new rights. They might also refuse to represent persons whose rights have been violated but whose claims are not likely to produce large damage awards. This is because attorneys would have to figure into their costs of doing business the risk of unjustified awards of sanctions.

*Murphy* and the majority opinion of the three-judge panel in this case attempted to answer these concerns, as well they should have. But the best way to answer these concerns is not to construct an artificial "safe harbor" for frivolous allegations or claims. Such a safe-harbor rule literally promotes form over substance, since the pleading party could manipulate the form in which his claims or motions are presented by combining in one document two entirely different sets of claims. The answer lies in recognizing, as did the Supreme Court in *Cooter & Gell*, that Rule 11's requirement of a "reasonable inquiry" means an inquiry reasonable under "all the circumstances of a case." *Id.* at 2459.

As the Supreme Court noted, if a lawyer discovers that his client has a potential cause of action only a short time before the statute of limitations will expire, a more cursory inquiry will be tolerated than when he has ample time to investigate. *Id.* If the relevant facts are in control of the opposing party, more leeway must be given to make allegations in the early stages of litigation that may not be well-grounded. In a similar vein, leeway should be given to make allegations relating to an opposing party's knowledge, purpose, or intent. If the case is one in which a prudent lawyer, to be safe, would name a number of defendants—such as in a complex product liability case—imprecision at the outset of litigation should be tolerated. The same should be true if the case is one where, knowing a given set of predicate facts, a prudent lawyer would assert more than one legal theory as the basis for relief and would make alternative or inconsistent allegations (intentional acts and negligence, for example) to support the different theories.

The Second Circuit's opinion in *Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986) illustrates that a straightforward, common-sense application of the "reasonable inquiry" requirement can guard against the evils that concerned the panel majority in this case. Without applying the pleading-as-a-whole rule, the court refused to affirm

awards of sanctions for certain kinds of conduct by emphasizing, *inter alia,* that whether a pleading is sanctionable must be based on an assessment of the knowledge that reasonably could have been acquired at the time the pleading was filed, *id.* at 1278; that it must be based on an assessment of the type of claim and the difficulty of acquiring sufficient information, *id.* at 1279 (noting that at the time of filing suits in police misconduct cases, plaintiff is not "likely to know much about the relevant internal operations of the police department"); that it must be based on an assessment of which party has access to the relevant facts, *id.;* and that it must be based on an assessment of the "significance of the claim in the pleading as a whole." *Cross & Cross Properties v. SOS Everett Allied Co.,* 886 F.2d 497, 504 (2d Cir.1989) (citing *Oliveri* ).[2] The relation of the allegedly frivolous claim to the pleading as a whole is thus a relevant factor, but the mere existence of one non-frivolous claim is not dispositive, as it was in *Murphy.*

The inquiry conducted in *Oliveri* was the kind of inquiry contemplated by the Supreme Court in *Cooter & Gell,* when it noted that "[t]he issues involved in determining whether an attorney has violated Rule 11 ... involve fact-intensive close calls." 110 S.Ct. at 2460 (citations and internal quotations omitted). We believe that this kind of inquiry both adequately addresses the concern that Rule 11 will be used to chill vigorous advocacy and at the same time adequately serves the Rule's central purpose of deterring abusive litigation tactics.

With regard to the concern for curbing extraneous satellite litigation (the new "cottage industry" in Rule 11 cases), we acknowledge that the *Murphy* approach to frivolousness does have the advantage of creating a "bright line" rule that would certainly curb litigation. But in requiring a "reasonable inquiry," the Rule calls for an intensely fact-bound inquiry, and for this kind of inquiry, "bright lines" are not

---

**2.** In approving of *Oliveri's* handling of the "reasonable inquiry" issue, we do not necessarily endorse its handling of the several other issues presented in that case.

appropriate. Whether Rule 11 litigation will ultimately serve its intended purpose to deter abusive litigation tactics is an open question. When the Rule has been in effect long enough for the Advisory Committee on Civil Rules of the Judicial Conference to have the information needed to answer this question, one hopes that the committee will act wisely and recommend to the Supreme Court changes to the Rule if experience indicates that the Rule causes more trouble than it's worth.[3] For now, we must enforce the reasonable inquiry, or frivolousness, requirement in the manner in which it was intended to be enforced.[4]

### B.

■ The panel majority, citing *Community Electric*, noted that the "pleading-as-a-whole" rule would not apply in an "improper purpose" case. *Townsend*, 881 F.2d at 795. In *Community Electric*, we held that a pleading or paper that was *harassing* in part could be sanctioned, but not one that was *frivolous* only in part. This distinction was made to reconcile *Murphy*'s reading of *Golden Eagle* with our decision in *Hudson*. In *Hudson*, we held that although the defendant's counterclaim was non-frivolous, its four million dollar prayer for damages made in the same pleading was frivolous. 836 F.2d at 1162. Moreover, we agreed with the district court that

"[t]he nature and lack of justification for defendants' unconscionable damage claim raise[d] a strong inference" that the defendant filed the claim for an improper purpose. *Id.* Latching on to this alternative holding of improper purpose, the court in *Community Electric* was able to distinguish *Murphy* and *Hudson*. Since we have overruled *Murphy*, this dubious distinction no longer need be maintained. The distinction was an unstable and awkward one, because, as we have pointed out, the frivolousness and improper purpose inquiries overlap. A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose. That is precisely what the district court did in *Hudson*, 836 F.2d at 1162. This is permissible because the test for improper purpose is objective. *Zaldivar*, 780 F.2d at 829.

### III

We now apply these principles to the facts of this case. The district court sanctioned two pleadings: the first amended complaint and the motion for reconsideration, which included a motion for stay pending appeal. We review the district court's rulings on Rule 11 issues under an "abuse of discretion" standard. *Cooter & Gell*, 110 S.Ct. at 2461. "A district court would

---

**3.** The Advisory Committee has recently issued a call for written comments on Rule 11. The call notes that, along with over 1000 reported decisions on Rule 11, "[t]here is a substantial literature on the subject" and that "[i]n light of all the comment, the Committee has resolved to invite written public comments on the operation of the sanctions rules." One question to which responses are invited is "Has the financial cost in satellite litigation resulting from the imposition of sanctions perhaps exceeded the benefits resulting from any increased tendency of lawyers to 'stop and think?'" Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Call for Written Comments on Rule 11 of the Federal Rules of Civil Procedure and Related Rules* at 1–3 (August, 1990).

**4.** We disagree with the concurrence's suggestion that the plain language of Rule 11 favors the *Murphy* pleading-as-a-whole rule. The Rule does say that the attorney or party signing the "pleading, motion, or paper" certifies that "it" is well-grounded in fact and law. But this lan-

guage does *not* imply that a pleading is well-grounded simply because one part of it is well-grounded. It implies only that a minor or insignificant allegation or subclaim should not render a pleading sanctionable. Our holding, in following the *Oliveri–Cross & Cross* approach is consistent with that implication.

We note that even the concurrence's proposed disposition of this case is incompatible with a reading of Rule 11 that requires the court to disregard significant parts of a pleading in determining whether sanctions are appropriate. A single pleading often contains claims against more than one party. The complaint at issue in this case is illustrative. The distinction proposed by the concurrence between a frivolous claim made against a defendant properly haled into court and a defendant improperly haled into court may have a basis in policy, but it is inconsistent with the significance the concurrence attaches to the "plain meaning" of the word "it" in Rule 11.

necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.*

### A.

▮ The district court's finding that the first amended complaint was filed without reasonable inquiry was justified in this case and was not an abuse of discretion. We need not address whether Wright had sufficient information about Wilson & Reitman to file his initial complaint. After the filing of that complaint, the Plan's president and Wilson swore in affidavits that Wilson & Reitman had nothing to do with the adoption, implementation, or administration of the Plan and that the law firm was retained only for the purpose of litigation. In response to those affidavits, Wright filed the first amended complaint, still alleging Wilson & Reitman's involvement in the implementation and administration of the Plan. Wright conducted absolutely no inquiry before filing that complaint.[5] Since the charges against Wilson & Reitman in the first amended complaint were baseless, the lack of inquiry justified the district court's finding under the "frivolousness" prong of Rule 11.

▮ With regard to the finding of improper purpose, the district court stated:

> Not only does plaintiff not state a cause of action against the plan's lawyers, or submit any facts in opposition to the motion for summary judgment, the act of suing the opponent's lawyers in this situation is plainly nothing short of outrageous.

It is apparent from the record that the court inferred from the fact that the allegations were frivolous and from the fact that Wilson & Reitman had been the law firm which opposed Wright in the state court action that the naming of Wilson was essentially vindictive. The test for improper purpose is objective, and since it was not an abuse of discretion to find that Wright's outward behavior manifested an improper purpose, the district court's finding was not an abuse of discretion. Although we uphold the district court's findings, we take this opportunity to note that district courts substantially aid the review process by giving thorough explanations of their reasons for imposing sanctions. District courts have broad fact-finding powers in this area to which appellate courts must accord great deference. *See Cooter & Gell,* 110 S.Ct. at 2457–61. But we must know to what we defer; when we are not certain of the district court's reasoning, or when we cannot discern whether the district court considered the relevant factors, we must remand. In this case, because Wright conducted absolutely no inquiry, the district court's brief statement of its findings and reasoning was adequate and a remand is not necessary on this issue.

### B.

After Wright filed a notice of appeal in this court, he moved the district court to reconsider under Fed.R.Civ.P. 60(b) its award of attorneys fees and to vacate that award, or, in the alternative, to grant a motion for a stay pending appeal. The district court denied both requests and granted sanctions, supporting its sanctions award by condemning both requests.

With regard to the *motion to reconsider* and vacate the judgment, the court stated:

> As should have been apparent to plaintiff's counsel, the taking of an appeal divested this court of jurisdiction to consider any modification of its previous sanction order, even if it was convinced that it should modify the order. This is an obvious and well-known principle of law which should have been known to plaintiff and obviated the necessity of defendant's expenditure in defending the motion.

---

5. Since the kind of inquiry we now require district courts to undertake focuses heavily on the information reasonably available to the party at the time of filing, the sanctioning of claims in initial complaints will of course more likely be an abuse of discretion than the sanctioning of other claims. Rule 11 is not meant to supersede the Federal Rules' generous discovery provisions.

With regard to the motion for a stay, the court stated:

> [A] simple reading of Rule 62 should have answered plaintiff's inquiry about a stay. Accordingly, plaintiff's counsel could not have made the "reasonable inquiry it [the motion] ... is warranted by existing law ..." since there is no semblance of existing law which would have justified the motion.

(Brackets in original).

■■■■ The district court's rationale for finding the motion to vacate and reconsider frivolous was correct and not an abuse of discretion. A competent reading of our rules and precedent would very quickly have made clear to Wright that he did not follow the correct procedures in attempting to have the sanctions motion reconsidered after he had filed his notice of appeal. In the motion for which he was sanctioned, Wright did not notify the district court that he would ask this court for a remand—a necessary step when one seeks to have a district court decision reconsidered after a notice of appeal has been filed. *See Smith v. Lujan,* 588 F.2d 1304, 1307 (9th Cir.1979).

■■■ The district court's rationale for finding the motion for a stay frivolous, however, was legally incorrect and therefore an abuse of discretion. *See Cooter & Gell,* 110 S.Ct. at 2459 ("Of course, [the abuse of discretion] standard would not preclude the appellate court's correction of the district court's legal errors, *e.g.,* ... relying on a materially incorrect view of the relevant law in determining that a pleading was not 'warranted by existing law or a good faith argument' for changing the law.") In referring to Rule 62, the district court suggested that a stay could not be granted without the giving a supersedeas bond. *See* Fed.R.Civ.P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."). However, we have held that the district court may permit security other than a bond. *International Telemeter v. Hamlin International Co.,* 754 F.2d 1492,

1495 (9th Cir.1985). The fact that Wright did not cite that case in requesting a stay without bond does not render his argument sanctionable, since, objectively, his request was warranted by existing law. *See Golden Eagle,* 801 F.2d at 1541.

■■ As we have held, the fact that Wright's non-frivolous motion for a stay was formally in the same document as his frivolous motion to reconsider and vacate the judgment does not insulate his frivolous motion from Rule 11 sanctions. Each motion asked for entirely different kinds of relief. Nonetheless, because the district court erroneously believed that it had two reasons to sanction Wright and not just one, we must remand so that the court can consider whether the amount of its award was too high for the offense. *Hudson,* 836 F.2d at 1163–64.

## IV

The district court's judgment is affirmed with respect to the $3000 award of sanctions and remanded with respect to the $500 award.

CANBY, Circuit Judge, with whom Judge PREGERSON joins, concurring:

With regard to the first amended complaint,[1] I concur in the result reached by the majority because I believe that it is consistent with our prior case law and with the purposes of Rule 11 to impose sanctions when *all* of the allegations against a particular defendant in a complaint are frivolous. The unfounded claims have forced a party to come into court when that party never should have been involved at all.

My difference with Judge Fletcher's well-written majority opinion is that I do not believe that our cases interpreting Rule 11 had taken an improper tack. It is true that in *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1540–41 (9th Cir.1986), we dealt only with a district court sanction against attorneys for using a frivolous argument, among other argu-

---

1. I concur entirely in the majority opinion's treatment of the sanctions imposed in connec-

tion with the motion for reconsideration and motion for stay pending appeal.

ments, in support of an otherwise valid motion. But we were not engaging in a mere off-hand comment when we said that Rule 11 did not empower "the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a nonfrivolous motion is found by the district court to be unjustified." *Id.* at 1540. We pointed out that overly exacting interpretations of Rule 11 threatened to chill vigorous advocacy and to lead to a great deal of satellite litigation. *Id.* at 1540 n. 4, 1541.

Our subsequent decision in *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202, 1205 (9th Cir.1988), was therefore not an aberration. There we held that Rule 11 sanctions were inappropriate when a complaint that was not frivolous as a whole contained two allegations that were frivolous. We followed *Murphy* in *Community Elec. Serv. of Los Angeles, Inc. v. National Electrical Contractors, Inc.*, 869 F.2d 1235, 1242–43 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 236, 107 L.Ed.2d 187 (1990), where we pointed out that the language of Rule 11 favored our requirement that the complaint as a whole be frivolous before sanctions are to be applied. Rule 11 provides that the attorney or party signing "the pleading, motion, or other paper" certifies that "it" is well grounded in fact and law. "This language requires us to evaluate the pleading or paper filed as a whole." *Community Elec. Serv.*, 869 F.2d at 1242.

The majority opinion states that the *Murphy* rule creates an unjustifiable "safe-haven," and would be subject to abuse by attorneys or parties who might file complaints with one well-founded claim and several frivolous ones. This is a legitimate concern, but it constitutes a lesser evil than is likely to arise under the majority's approach. A party against whom a well-founded claim has been pleaded must, in

any event, come into court and defend against that claim. The major goal of Rule 11, to avoid wholly unjustified litigation, has been achieved. "It is now clear that the central purpose of Rule 11 is to deter baseless *filings* in District Court...." *Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (emphasis added). It may be an inconvenience for such a defendant to have to address other, frivolous claims, but that can be done by motion, usually without great hardship. Often the facts will be clearer at the time of such a motion, and if the plaintiff persists in opposing dismissal or summary judgment when it is apparent that a claim is without foundation, that is the time to consider sanctions.

The majority's approach is subject to serious abuse of its own. An attorney or litigant who files a complaint with several well-founded claims may be subjected to sanctions for tacking on an additional claim that is determined to be not well-founded. Such a flexible rule invites after-the-fact scrutiny of pleadings to find isolated deficiencies that may lead to a shifting of fees. The majority opinion contains cautionary language to the effect that pleadings must be sympathetically construed in light of the pressures operating on the drafters, and I sincerely hope that those warnings are taken seriously. But the lack of a "bright-line" rule is sure to lead to widely varying standards being applied by trial courts, and to greatly increased satellite litigation over sanctions.

For my part, I would not overrule *Murphy*, but would accept the following slightly modified version of its bright-line rule: Rule 11 sanctions for the filing of a complaint containing frivolous allegations or claims are inappropriate unless all of the claims against any particular defendant are frivolous.[2] That formulation will protect

---

2. I have confined my analysis to sanctions imposed for frivolous allegations or claims. The majority also discusses claims brought for an improper purpose, and correctly points out that the inquiries concerning frivolousness and improper purpose overlap. For that reason, I would confine to its facts *Hudson v. Moore*

*Business Forms, Inc.*, 836 F.2d 1156 (9th Cir. 1987), which approved sanctions for a frivolous prayer for punitive damages included in a complaint for the purpose of harassment. I would reject the expansive reading of *Hudson* found in *Community Electric Service* to the effect that "[a]n entire pleading has a harassing purpose if

defendants against frivolous lawsuits, without snaring the vigorous advocate who is viewed as having added one too many claims to a good lawsuit. And it would establish an easily-administered boundary within which to confine burgeoning satellite litigation over sanctions.

the litigant included one of the claims or allegations with that purpose." *Community Electric Service*, 869 F.2d at 1243. Instead, I would apply the modified *Murphy* bright-line rule to improper purpose cases, requiring all of the claims against any particular defendant to have been filed for an improper purpose, for the same reasons that I would apply that rule to frivolousness cases. As the majority opinion indicates, a claim cannot be condemned as being brought for an improper purpose unless it is also frivolous. Most of the same considerations apply to each of the overlapping categories of claims.