959 F.2d 244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WESTERN SYSTEMS, INC. and Lee M. Holmes, Petitioners-Appellees,
v.
David CASSIDY and Ray Hassler, Respondent-Appellants.
 No. 90-16524.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Cassidy and Ray Hassler appeal the district court's order enjoining their action in Guam Superior Court against Western Systems, Inc. ("WSI") and Lee Holmes. They also appeal the district court's award of attorneys' fees to WSI and Holmes. We have jurisdiction pursuant to 28 U.S.C. § 1292 and affirm.
 
 
 3
 We review the district court's decision to issue an injunction for abuse of discretion. Western Systems, Inc. v. Ulloa, Nos. 90-15732, 91-15110, slip op. at 2142 (9th Cir. Mar. 4, 1992). We review de novo the district court's legal determination that it had the power to issue the injunction. Id. at 2142-43. We review the district court's imposition of attorneys' fees for abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc).
 
 
 4
 This litigation, now in its twentieth year, involves rights to ownership of stock in WSI and the validity of an agreement for sale of the stock.[1] Cassidy and Hassler are the assignees of Richard Cruz, a former shareholder of WSI. In 1977, WSI obtained judgments against Cruz regarding rights to the stock in two separate actions in federal district court, both of which we affirmed. See Guam Economic Dev. Auth. v. Ulloa, No. 78-1786, unpublished memorandum disposition (9th Cir. Sept. 5, 1980); Ulloa v. Guam Economic Dev. Auth., 580 F.2d 952 (9th Cir.1978). In 1979, Cruz transferred some of his shares to Cassidy and Hassler. Cassidy and Hassler then filed suit against WSI and Holmes in 1980 in Guam Superior Court. The action was dismissed for failure to prosecute, and Cassidy and Hassler did not appeal. Cassidy and Hassler brought another suit against WSI and Holmes in Guam Superior Court on February 28, 1990. On October 4, 1990, the district court enjoined that action in order to protect the res judicata effect of the previous judgments, and Cassidy and Hassler appealed.
 
 
 5
 We recently decided an appeal from an identical injunction issued by the district court against other former shareholders of WSI who were also parties to the two previous federal actions. Western Systems, Inc. v. Ulloa, Nos. 90-15732, 91-15110, slip op. 2137 (9th Cir. Mar. 4, 1992). We held that the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283,[2] applied to claims that were actually litigated or could have been litigated in a prior court proceeding. Id. at 2148-2151. We concluded that the district court correctly enjoined the actions in Guam Superior Court to protect the res judicata effect of the previous judgments. Id. at 2150-2152.
 
 
 6
 The same reasoning applies with equal force to the claims of Cassidy and Hassler. Cassidy and Hassler contend that the relitigation exception does not apply to their action because there was no final judgment on the merits in their previous action in Guam Superior Court, which was dismissed for failure to prosecute. Cassidy and Hassler admit, however, that they "stand in the shoes" of Richard Cruz, who was a party to the previous federal litigation. See Guam Economic Dev. Auth. v. Ulloa, No. 78-1786; Ulloa v. Guam Economic Dev. Auth., 580 F.2d at 952. Thus, they are bound by the res judicata effect of the previous judgments against Cruz. See Nevada v. United States, 463 U.S. 110, 130 (1983) (res judicata applies to parties and their privies).
 
 
 7
 Cassidy and Hassler contend that the claims regarding rights of first refusal which they raised in their Guam Superior Court action were not raised and litigated in the previous federal actions, and that they only recently learned of these claims. These contentions lack merit. The claims need not have been actually litigated in order for the relitigation exception to apply. See Western Systems v. Ulloa, Nos. 90-15732, 91-15110 at 2148-49. Here, Cassidy's and Hassler's claims regarding rights of first refusal were part of the same transaction and could have been raised in the previous litigation and are therefore within the bar of res judicata. See id. at 2150. Further, Cassidy and Hassler were on notice of the rights as were the Ulloas, and their ignorance does not avoid the bar of res judicata. See id. Accordingly, we affirm the district court's injunction as to Cassidy and Hassler's action in Guam Superior Court.
 
 
 8
 Cassidy and Hassler also appeal the district court's award of attorneys' fees against them. They contend that attorneys' fees are not authorized by the Anti-Injunction Act. The district court, however, has the inherent power to sanction parties for bad faith conduct. Id. at 2153. The district court here found that Cassidy and Hassler exhibited bad faith by continuing their litigation after the Ulloas' identical claims were rejected. We agree, and affirm the award of sanctions. See Townsend, 929 F.2d at 1362 (objective standard applies to determine whether conduct constitutes bad faith).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The factual and procedural background is set forth in this court's opinions in Western Systems, Inc. v. Ulloa, Nos. 90-15732, 91-15110, slip op. 2137 (9th Cir. Mar. 4, 1992), and Ulloa v. Guam Economic Dev. Auth., 580 F.2d 952 (9th Cir.1978)
 
 
 [2]
 The Anti-Injunction Act, 28 U.S.C. § 2283, provides:
 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.