979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond PEDRINA, et al., Plaintiffs,
and
Anthony P. Locricchio; Thomas Lavigne, Appellants,
v.
Han Kuk CHUN; Y.Y. Valley Corp.; Tetsuo Yasuda; Robert
Carter; Masanori Kobayashi; Yoshinori "Ken" Hayashida;
City and County of Honolulu; Frank F. Fasi, Mayor; Hiroshi
Kobayashi; Ernest Souza; Eugene Lum; Nora Lum,
Defendants-Appellees.
 No. 91-16658.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Nov. 23, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Attorney Anthony P. Locricchio appeals the district court's award of Rule 11 sanctions against him for filing frivolous motions for entry of default judgment at a time when defendants were not in default. We affirm.
 
 
 3
 The imposition of sanctions under Rule 11 is reviewed for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). An attorney violates Rule 11 when he files a "frivolous" motion--that is, a "filing that is both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc).
 
 
 4
 Locricchio does not dispute that he was on notice of the defendants' emergency appeal for an extension of time. Nor does he dispute that it would have been easy for him to determine whether the district court granted the extension of time. In fact, he does not even dispute that he knew the extension of time had been granted, and thus that he knew defendants were not in default. Rather, Locricchio attempts to justify his conduct by saying (1) that the court's order extending the deadline to respond was invalid; and (2) that the law compelled him to preserve his clients' "entitlement" to default by filing the motions for entry of default judgment before defendants had an opportunity to file late answers. We reject both of these arguments.
 
 
 5
 First of all, if Locricchio felt that the defendants obtained the extension of time untruthfully, his remedy was to file a motion for reconsideration of the district court's order. He did so, and the court rejected this motion. The problem was that Locricchio filed his motions for entry of default judgment without either (1) waiting for a favorable ruling on his motion for reconsideration, or (2) indicating that his motions for entry of default judgment were conditional on the district court's reversing the order extending time. But unless and until the court modified its order extending the time, the order was controlling, and Locricchio was obligated to comply with it.
 
 
 6
 And second, we find no basis in the law to support Locricchio's filing of premature motions for entry of default judgment. Locricchio is correct in noting that defaults will often be set aside by the courts. But this is not because plaintiffs have failed to "lock in" the default by filing motions for entry of default judgment. Rather, it is because of a general preference for having cases decided on the merits, rather than on procedural technicalities. See, e.g., Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir.1986). And defaults will frequently be set aside or denied where there is no showing of prejudice to the plaintiff. See Grandbouche v. Clancy, 825 F.2d 1463, 1467-68 (10th Cir.1987).
 
 
 7
 Locricchio might have a colorable argument if the motion he filed had been conditional or if he had advised the district court and opposing counsel that no response would be required unless and until a motion for reconsideration of the district court's order had been granted. But he did neither of these things. Accordingly, we hold that the district court did not abuse its discretion in imposing Rule 11 sanctions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3