124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MILAN CHEYOVICH; Diana CHEYOVICH, individually and as Court
Appointed Guardian for Daniel Milan Lucien
Cheyovich Joye & Nicolas Marc David
Cheyovich Joye, minors,
Plaintiffs-Appellees,
v.
SAN MARINO SCHOOL DISTRICT, Jacky Bernard JOYE; Airbus
Industrie; General Electric & Pratt Whitney; John
Beugelman; Judith D. Anderson, individually, dba Law firm
of Liebman, Reiner & Walsh, dba Law Firm of Walsh & Declues,
Defendants,
and
FOCUS ON THE FAMILY, Defendant-Appellant.
 No. 96-56678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-96-02381-HLH/BQR; Harry L. Hupp, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Focus on the Family, a California nonprofit religious corporation, appeals from the district court's denial of its motion for attorneys fees pursuant to 42 U.S.C. § 1988, or alternatively, sanctions under Fed.R.Civ.P. 11. Focus was the prevailing party in Milan and Diana Cheyoviches' 42 U.S.C. § 1983 action in which the Cheyoviches alleged that Focus was partially responsible for the abduction of the Cheyoviches' grandchildren by the children's biological father.
 
 
 3
 The district court denied Focus's motion for attorneys fees after finding that the Cheyoviches were "sincere in their efforts though wholly misguided as to whether they ha[d] any legal claim against the defendants." Additionally, the court found that sanctions under 28 U.S.C. § 1927 were unwarranted since the court could not find that the Cheyoviches' claims were brought in bad faith. We defer to the court's discretionary decision not to award sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (reviewing the district court's award of sanctions under Rule 11 for abuse of discretion); Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc) (under Rule 11, sanctions may be imposed for (1) frivolous flings, and (2) filings made for an improper purpose).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3