Richard J. STONE, Appellant,

Altamont Summit Apartments LLC, an Oregon limited liability company, Plaintiff-counter-defendant-third-party-defendant—Appellee,

and

Alvin J. Wolff Inc., a Washington corporation; Wolff Properties LLC, a Washington limited liability company; Alvin J. Wolff Management Company, a Washington corporation; Alvin J. Wolff, individual; Fritz H. Wolff; Robert A. Brett, individual, Counterclaimants,

v.

WOLFF PROPERTIES LLC, a Washington limited liability company, Defendant-counter-claimant,

---

Altamont Summit Apartments LLC; W. Earl Downs; Matt Sloan; Kevin S. Webb; Pinnacle Realty Management Company, a Delaware corporation, Counter-defendants,

v.

Cathleen M. Brett; Robert A. Brett; Sara D. Wolff; Jesse Wolff, II; Fritz H. Wolff; Eugenia E. Wolff; Alvin J. Wolff, Jr.; Alvin J. Wolff Management Company; Alvin J. Wolff Inc., a Washington corporation; Wolff Properties LLC, Third-party-plaintiffs,

v.

W. Earl Downs; Matt Sloan; Kevin S. Webb; Pinnacle Realty Management Company, Third-party-defendants.

Altamont Summit Apartments LLC, an Oregon limited liability company, Plaintiff—Appellee,

Richard J. Stone, Appellant,

v.

Wolff Properties LLC, a Washington limited liability company, Defendant.

No. 02–17418, 02–35949.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted May 2, 2005.*

Decided June 13, 2005.

---

---

Peter R. Jarvis, Esq., Hinshaw & Culbertson, Portland, OR, for Appellant.

Richard S. Yugler, Esq., Dain Paulson, Landye Bennett Blumstein, LLP, Portland, OR, for Plaintiff-counter-defendant-third-party-defendant—Appellee.

Richard J. Stone, Esq., Ball, Janik & Novack, Portland, OR, for Counter-claimants/Third-party-plaintiffs.

Kevin S. Mapes, Richard J. Stone, Esq., Ball, Janik & Novack, Portland, OR, for Defendant-counter-claimant.

Dain Paulson, Landye Bennett Blumstein, LLP, Joel Wilson, Todd Peck, Bulli-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

van Houser Bailey, P.C., Portland, OR, for Third-party-defendants.

Before: HUG, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Nonparty attorney Richard J. Stone appeals the district court's order sanctioning him sua sponte pursuant to Rule 11 of the Federal Rules of Civil Procedure. We reverse.

The Local Rules for the District of Oregon provide that the first paragraph of every motion (save a motion for a temporary restraining order) must certify that "[t]he parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so...." LR 7.1(a)(1)(A). In connection with a motion for summary judgment filed on behalf of his client, Stone certified that "the parties have made good faith efforts through meetings and telephone conferences to resolve the issues raised by this motion but have been unable to do so." Following an order to show cause and a hearing, the district court determined that Stone's certification "was without basis in fact" and cited him for violating Rule 11(b).

The district court clearly erred in finding that the certification lacked any basis in fact. Stone had, in fact, conferred with opposing counsel regarding possible resolution of the dispute, both before and shortly after the action was filed. It is true that the latest of these discussions occurred more than six months before Stone filed the motion for summary judgment in question, but Stone's certification did not say that the conferences occurred shortly before the filing of the motion. LR 7.1(a) is silent on the subject of timing. Though the discussions took place long before the motion itself was prepared, it is not disputed that the discussions covered the same matters that were later raised and argued in the motion for summary judgment. The language of LR 7.1(a) requires only that counsel certify that an effort was made "to resolve the dispute" and although LR 7.1 is titled "Motions Practice—Generally," the text of the rule does not specify that the contemplated motion must itself be discussed.[1]

We do not dispute the district court's interpretation of LR 7.1(a). Violation of a rule does not necessarily constitute violation of Rule 11, however. Though it may have been unreasonable for Stone to have thought that conferences from the distant past satisfied LR 7.1, it simply is not true that his statement was false or, taking his statement as a factual contention, that it did not have, in the words of Rule 11(b)(3), "evidentiary support." The certification accurately reflected historical events.

Moreover, the circumstances here were such that it is implausible to conclude that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. The dissenting opinion makes reference to a local rule from the Central District of California. We note, though, that the California rule, as quoted by the dissent, is considerably more specific than the rule at issue here in regard to both the timing and the substance of a pre-filing discussion. In particular, it makes explicit reference of action to be taken by counsel "contemplating the filing of [a] motion," and requires that the attorneys "discuss thoroughly ... the substances of the contemplated motion."

Stone intended to deceive the court or presented his certification for an improper purpose, which could have constituted a violation of Rule 11(b)(1). Stone's certification was served on counsel for the opposing party, who necessarily knew what discussions had taken place. As Stone was aware, that opposing attorney was capable of advising the court about when the discussions took place, as in fact he did. The district court might well have concluded at that point that Stone's certification did not satisfy the requirements of LR 7.1(a)(1) and denied Stone's summary judgment motion on that ground, as provided in LR 7.1(a)(2). A lawyer's unreasonable interpretation of a rule can properly result in negative consequences. That is not the issue before us, however. Rule 11 does not authorize sanctions for all conduct of which a court might disapprove.

"[S]ua sponte sanctions will ordinarily be imposed only in situations that are akin to a contempt of court." *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir.2001) (citation and internal quotation marks omitted). Stone's conduct, though perhaps not laudable, was not so "egregious" as to be considered "beyond the pale." *See id.* at 1116–18.

REVERSED.

TASHIMA, Circuit Judge, dissenting.

Because the majority misreads the record and usurps the district court's fact-finding function, I respectfully dissent.

In his amended motion for summary judgment, Stone certified "that the parties have made good faith efforts through meetings and telephone conferences *to resolve the issues raised by the motion* but have been unable to do so." *Altamont*

*Summit Apartments LLC v. Wolff Properties LLC*, 2002 WL 31971832, at *3 (D.Or. 2002) (emphasis added). The majority finds that this certification "accurately reflected historical events." Maybe so, but the context and wording were such as to be deceptive. Nonetheless, the majority holds that the district court clearly erred in finding that the certification lacked any basis in fact. But how can discussions held months before the motion was filed and even before the lawsuit was commenced be accurately characterized as "meetings and conferences" held "to resolve *the issues raised in the motion?*" At the time the meetings and conferences were held, the substance of the motion was not even within the contemplation of the parties—no one could then know what the *issues* to be raised in a future motion would be, how they would be framed, or how they might possibly be narrowed by conferring on the motion. At the least, the district court's finding that "[t]here was no basis in fact, therefore, for the certification," *id.* at *5, in light of the accompanying record, cannot be clearly erroneous.

The purpose of Local Rule 7.1(a)(1), obviously, is to require counsel to discuss the *motion*, not just the general subject matter of a contemplated lawsuit. This is the only reasonable reading of the rule and the reading adopted by all of the judges of the District of Oregon.[1] In fact, the district court also found that "a competent attorney practicing under the Local Rules of the United States District Court for the District of Oregon could not form a reasonable belief that pre-litigation discussions with opposing counsel concerning the fundamental disputes that gave rise to the action would satisfy the LR 7.1 require-

---

1. The requirement is not unique to the District of Oregon. *See, e.g.,* Cent. Dist. of Cal. Local Rule 7–3 ("In all cases [not otherwise exempted] counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly ... the substances of the contemplated motion and any possible resolution.").

ments for good faith efforts before a motion was filed to resolve the issues raised by the motion." *Id.* at *6. Stone does not dispute that he did not discuss *the motion* with opposing counsel. Given the district court's reasonable and common-sense interpretation of Local Rule 7.1,[2] even if Stone's certification "accurately reflected historical events," as the majority holds, it was still baseless because it bore no relationship to the requirement of the rule. Indeed, from an objective point of view, it was a deliberate attempt to circumvent the rule. Thus, the district court's finding that "Stone's certification 'was without basis in fact'" easily survives clear error review. Indeed, the majority virtually admits as much in conceding that "[t]he district court might well have concluded ... that Stone's certification did not satisfy the requirements of LR 7.1(a)(1)...."

The majority does not reach the second prong required of a "frivolous" finding—that the certification was "made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). Stone's response to the order to show cause, however, clearly demonstrates that he made *no inquiry at all*, let alone a reasonable one, concerning the rule's requirements until "[f]ollowing the Court's recent Orders and inquiries...." *Altamont Summit Apartments*, 2002 WL 31971832, at *4.

Because Stone's Rule 7.1 certification was "both baseless and made without reasonable and competent inquiry," *Townsend*, 929 F.2d at 1362, it was frivolous, *id.* I would, thus, affirm the district court.

---

**2.** The majority does not dispute that this interpretation of Local Rule 7.1 is correct.