**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYDIA CORNELL, an individual; NELLE PAEGEL, an individual; BRIAN WILLIAMS, an individual; BODY COMPANY OF SPORTS, INC., The, a Nevada corporation; THOMAS PAEGEL, an individual; THOMAS W. V. PAEGEL, an individual, <br><br> Plaintiffs - Appellants, <br><br> V. <br><br> GEORGE DEL JUNCO, an individual; ELIDA DEL TORO, an individual; STEPHANIE M. KING, an individual; ALLEN S. MILLER, an individual, <br><br> Defendants - Appellees. | No. 12-55548 <br><br> D.C. No. 2:11-cv-08810-GW-SH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Lydia Cornell and other plaintiffs (collectively, "Cornell") appeal the district court's dismissal of their copyright infringement action against Stephanie King and other defendants (collectively, "King"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cornell raises three separate issues regarding three separate orders in her opening brief. However, Cornell's notice of appeal mentions only the district court's ruling on her motion for sanctions, attorney's fees, and costs. Where a party "seeks to argue the merits of an order that does not appear on the face of the notice of appeal," we consider two factors: "(1) whether the intent to appeal a specific judgment can be fairly inferred, and (2) whether the appellee was prejudiced by the mistake." Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 863 (9th Cir. 2004) (internal quotation marks omitted).

Cornell fails to mention in her notice of appeal the other district court orders she raises in her opening brief. Cornell nonetheless seeks this court's review of whether the district court erred by denying her motion to remand the case and by failing to establish subject matter jurisdiction prior to determining that the

defendant was not in default and that Keith G. Wileman was the attorney of record. These questions cannot be fairly inferred from Cornell's notice of appeal. The district court's denial of Cornell's motion seeking sanctions, attorney's fees, and costs is the only matter properly before this court.

We review de novo whether the district court applied the correct legal standard in denying Cornell's motion for sanctions, attorney's fees, and costs. Thomas v. City of Tacoma, 410 F.3d 644, 647 (9th Cir. 2005). We review for abuse of discretion the district court's award decision. Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003) (reviewing for abuse of discretion award of fees and costs associated with removal or remand under 28 U.S.C. § 1447(c)); In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 433 (9th Cir. 1996) (reviewing for abuse of discretion Rule 11 sanctions).

The district court found that Cornell failed to comply with the Rule 11 "safe harbor" provision. This provision requires the motion to be served 21 days before filing to afford an attorney an opportunity to correct a challenged filing or to withdraw altogether. Fed. R. Civ. P. 11(c)(2); see also Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998). The district court also found Cornell provided "no evidence in support of [her] motion," and that the record revealed that King "engaged in no misconduct warranting [the district court] to exercise its discretion

3

to award sanctions under any legal authority."  Cornell argues that the district court abused its discretion by refusing to consider all of her evidence and by applying the wrong legal standard.  Nothing in the record supports Cornell's claim that the district court "based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence."  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir. 1990) (quoting Cooter v. Gell, 496 U.S. 384, 405 (1990)).

**AFFIRMED.**