**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S.A. DAWGS, INC.,

        Plaintiff-Appellant,

CHRISTOPHER HELLMICH,

        Appellant,

  v.

CROCS, INC.; KIM LAWRIE; ERIK
RUFER; KELLY GRAY,

        Defendants-Appellees.

No.   19-16296

D.C. No.
2:17-cv-02054-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 9, 2020[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,*** District Judge.

U.S.A. Dawgs, Inc. and its attorney Christopher Hellmich (collectively, Dawgs) appeal the district court's order imposing sanctions against them under Rule 11 of the Federal Rules of Civil Procedure (Rule 11).  We review "all aspects of a district court's Rule 11 determination" for abuse of discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).  A district court abuses its discretion when its ruling results from "an erroneous view of the law" or "a clearly erroneous assessment of the evidence." *Cooter*, 496 U.S. at 405; *see also Retail Flooring*, 339 F.3d at 1150.

**1.**      Rule 11 authorizes sanctions for pleadings "presented for any improper purpose" or for claims not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(1), (2).  The second prong covers "frivolous" filings:  "a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990), *as amended* Apr.

***      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

10, 1991. "District courts have broad fact-finding powers in this area to which appellate courts must accord great deference. . . ." *Id.* at 1366 (citation omitted).

Here, the district court did not abuse its discretion in finding Dawgs's claims frivolous. Dawgs alleged that an employee of Crocs, Inc. (Crocs) illegally accessed Dawgs's confidential information regarding an upcoming sale of Dawgs's shoes on the online store, Zulily, where Crocs was scheduled to sell competing shoes. Before Dawgs filed suit, however, Zulily explained to Dawgs, several times, that such information was readily available to all vendors through the "New Tomorrow" feature of the Zulily website and through other means. Zulily also explained to Dawgs how it could confirm those facts. Thus, a reasonable inquiry would have revealed that Crocs did not access Dawgs's sales information through illegal means. It was unreasonable for Dawgs to assume otherwise in light of Zulily's verifiable explanation and absent any evidence of duplicity.

The district court also acted within its discretion in finding that Dawgs brought this lawsuit for an improper purpose: to gain leverage over another lawsuit between Dawgs and Crocs in Colorado. In this case, Dawgs sent a letter to Crocs, threatening a "dramatic increase in litigation costs" if the parties did not reach a global settlement. Dawgs dismissed this action when no settlement was reached. Importantly, "[a]lthough the 'improper purpose' and 'frivolousness'

3

inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend*, 929 F.2d at 1362.[1]  The frivolousness of Dawgs's claims in this case thus underscores the lawsuit's improper purpose.

**2.**    We reject Dawgs's argument that Crocs did not mitigate damages by providing exculpatory evidence–namely, proof that they did not illegally access Dawgs's information.  Zulily presented Dawgs with the means by which to verify Zulily's explanation that Crocs did not engage in wrongdoing.  The onus was not on Crocs to provide exculpatory evidence or suffer a lawsuit; rather, it was on Dawgs to conduct a competent inquiry into whether there was an objectionably reasonable basis for its suspicions.  *See, e.g., Townsend*, 929 F.2d at 1366.

**3.**    We disagree with Dawgs's contention that the district court calculated the sanctions amount–$37,500 against Dawgs and $12,500 against Hellmich–by improperly multiplying the amount another court sanctioned Dawgs in an unrelated case by four.  The district court did no such thing.  Although the court mentioned that the award was four times the previous award, that remark was merely an observation.  The district court actually arrived at the sanctions amount by

---

[1]    In light of this ruling, we need not address whether sanctions were appropriate under 28 U.S.C. § 1927 or the district court's inherent power.

significantly reducing Crocs's requested award of $224,466.80 in attorneys' fees and $77,388.70 in costs.

**AFFIRMED**.