NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| STATE BANK OF TEXAS, a Texas state-chartered bank, as successor-in-interest to the original lender,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>STEPHEN FRANCIS LOPEZ, Counsel for Defendants Perin Parabia and Sam Parabia,<br><br>Appellant,<br><br>v.<br><br>SAM PARABIA, an individual; PERIN PARABIA, an individual; FARZIN MORENA, an individual; CITIZENS BUSINESS BANK, a California corporation; AYER CAPITAL ADVISORS, INC., a New York corporation; DOES, 1 through 10 inclusive,<br><br>Defendants. | No.   21-55955<br><br>D.C. No.<br>3:14-cv-03031-L-DHB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 10, 2022
Pasadena, California

Before:  McKEOWN and OWENS, Circuit Judges, and HELLERSTEIN,[**] District Judge.

Attorney Stephen Lopez appeals the district court's order that Lopez pay the State Bank of Texas $19,575 as sanctions pursuant to 28 U.S.C. § 1927.  The parties are familiar with the facts, so we do not recount them here.

Section 1927 authorizes monetary sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  We agree that Lopez was slow to respond to the district court's order to produce the Parabias' insurance policy, and that some of his objections and motions failed to recognize prior rulings, causing delays.  However, the delays attributable to Lopez were not so extensive as to amount to an "unreasonabl[e] and vexatious[]" multiplication of proceedings.  Section 1927 should not be interpreted to deter zealous advocacy.  *See In re Yagman*, 796 F.2d 1165, 1182, *amended by*, 803 F.2d 1085 (9th Cir. 1986).  Lopez's filings were supported by citations to pertinent legal authority and had colorable legal merit.  *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (defining a frivolous finding as one "that is both baseless and made without a reasonable and competent inquiry").  In

---

[**]	The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

reversing the sanctions, we do not countenance Lopez's approach and tactics.

**REVERSED.**