963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David NETZER, Plaintiff,
v.
CITY OF PASADENA, et al., Defendants.
John C. BURTON, Appellant,
v.
CITY OF PASADENA, Defendant-Appellee.
 No. 91-55540.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided May 12, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, MACBRIDE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Attorney John Burton appeals from the district court's award of sanctions against him pursuant to Federal Rule of Civil Procedure 11. Burton was sanctioned for contending the City of Pasadena (the City) was liable for the injuries his client Netzer allegedly suffered when he was "falsely arrested" at a sobriety checkpoint for driving under the influence of drugs. The complaint averred, inter alia, that the City was vicariously liable under 42 U.S.C. § 1983 for the named individual officer-defendants' violations of Netzer's civil rights by virtue of California Government Code section 815.2(a), which provides that a "public entity is liable for injury proximately caused by an act ... of an employee ... within the scope of his employment if the act ... would ... have given rise to a cause of action against that employee...."
 
 
 4
 The Supreme Court has clearly held "a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978) (original emphasis). Burton acknowledged the precedential force of Monell but relied on Ninth Circuit cases that held that an official could not be found vicariously liable for his underlings' actions under § 1983 " in the absence of a state law imposing such liability." See, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (emphasis added) (citing Mosher v. Saalfield, 589 F.2d 438, 441 (9th Cir.1978)). Burton argued California Government Code section 815.2(a) was a "state law imposing [vicarious] liability," and thus the City could be held liable for its employees' actions.
 
 
 5
 Burton's argument may be wrong, but it is not frivolous within the meaning of Rule 11. See, e.g., Townsend v. Holman Consulting Corp., 914 F.2d 1136, 1140 (9th Cir.1990) (en banc) (a frivolous filing is "both baseless and made without a reasonable and competent inquiry"). Burton could make "a good faith argument for the extension, modification, or reversal of existing law," Fed.R.Civ.P. 11, by contending that if a city official can be held vicariously liable under § 1983 for his employees' actions so long as a state law imposes such liability, the city itself should also be held liable when a state law imposes vicarious liability on a public entity for its employees' actions.
 
 
 6
 We review the district court's rulings concerning Rule 11 for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990). A district court abuses its discretion if its ruling is based on an erroneous view of the law. Id. The district court imposed Rule 11 sanctions for two reasons: First, the court believed Burton could not rely on Mosher because it had been overruled sub silentio by Monell and second, the court thought Burton could not rely on the reasoning of Wood v. Sunn, 865 F.2d 982, 990 (9th Cir.1988), vacated, 880 F.2d 1011 (9th Cir.1989), because a vacated opinion has no precedential effect.
 
 
 7
 Both premises were mistaken. Mosher has since been validated by Redman. See Redman, 942 F.2d at 1446. Further, Mosher was not overruled by Monell, which was published six months before Mosher. Mosher discusses the circumstances in which a city official may be held vicariously liable for the acts of his underlings; Monell discusses the vicarious liability of the city itself.
 
 
 8
 A vacated opinion has no precedential authority. See Durning v. Citibank, N.A., 950 F.2d 1419, 1424 n. 2 (9th Cir.1991) ("A decision may be reversed on other grounds, but a decision that has been vacated has no precedential authority whatsoever.") (original emphasis). However, a decision vacated upon a ground independent of that for which it is cited may still have persuasive effect. See, e.g., United States v. Walgren, 885 F.2d 1417, 1423 & n. 8 (9th Cir.1989) (vacated decision's analysis considered but rejected as unpersuasive). As part of a stipulated settlement, the parties in Wood agreed to request jointly that this court vacate all opinions in the case. An order vacating pursuant to a settlement agreement casts no reflection on the persuasiveness of the analysis employed by the vacated opinion.
 
 
 9
 The district court based its decision awarding sanctions under Rule 11 on an erroneous view of the law and thus abused its discretion. Townsend, 914 F.2d at 1143-44.
 
 
 10
 REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Thomas J. MacBride, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3