963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Wayne GARDNER, Plaintiff,
and
SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 16,
Plaintiff-Appellee,
v.
HOFFMAN CONSTRUCTION COMPANY OF OREGON, an Oregon
corporation, Defendant-Appellant.
 No. 91-35086.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided May 28, 1992.
 
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,* District Judge.
 MEMORANDUM
 Hoffman Construction Company of Oregon (Hoffman) appeals from the order of the district court denying its motion for sanctions against Sheet Metal Workers' International Association, Local No. 16 (Sheet Metal). Hoffman argues that sanctions should have been awarded pursuant to Federal Rule of Civil Procedure 11 (Rule 11). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse and remand.
 We review the district court's denial of sanctions for an abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365-66 (9th Cir.1990) (en banc) (Townsend ). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." Id. at 1366 (internal quotations omitted).
 Hoffman argues that the district court abused its discretion by denying sanctions based on Sheet Metal's alleged failure to investigate its blood testing allegation reasonably. "[A]n attorney violates rule 11 whenever he signs a pleading, motion, or other paper without having conducted a reasonable inquiry into whether his paper is frivolous, legally unreasonable, or without factual foundation." Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 557 (9th Cir.1986) (Unioil), cert. denied, 484 U.S. 822 (1987). This is an objective standard, and "reasonable inquiry means an inquiry reasonable under all the circumstances of a case." Townsend, 929 F.2d at 1362, 1364 (internal quotations omitted). Under Rule 11, a litigant's investigation is to be judged at the time the pleading is signed. Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1988), cert. denied, 493 U.S. 1035 (1990).
 We hold that the district court abused its discretion by using an incorrect legal standard. The magistrate concluded that Sheet Metal did not make a reasonable inquiry. The district court declined to adopt the magistrate's findings and recommendations, and stated that "while the court agrees with Magistrate Dale's finding that plaintiff could have determined that no such testing ever occurred, that fact alone considering the minimal efforts expended on this matter, does not justify an award of sanctions."
 The efforts spent on an allegation and the significance of an allegation may be relevant in some cases. Unioil, 809 F.2d at 557. However, the district court never held that it was foreseeable that only minimal efforts would be expended by Hoffman or that Sheet Metal's pre-signing inquiry was reasonable in light of these foreseeable efforts.
 A district court should also consider the "relation of the allegedly frivolous claim to the pleading as a whole." Townsend, 929 F.2d at 1364. If the district court had determined that the frivolous allegation was merely "a minor or insignificant allegation or subclaim" sanctions may not be warranted. Id. at 1365 n. 4. However, we cannot affirm on this basis because the district court did not hold that, after considering all of the allegations in the complaint, the blood testing allegation was merely a minor or insignificant allegation or subclaim. Id. at 1366 (a remand is necessary "when we are not certain of the district court's reasoning").
 The district court's reliance on the minimal efforts that were eventually spent on the blood testing allegation and Sheet Metal's indication that it would no longer pursue this allegation is also not dispositive in this case. The Supreme Court has pointed out that "[e]ven if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred." Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2457 (1990). Thus, "a litigant who violates Rule 11 merits sanctions even after a dismissal." Id.
 Even if we assume that minimal efforts were eventually expended on this allegation and that some violations of Rule 11 do not warrant sanctions when they have only de minimis effects, the effects of the alleged Rule 11 violation in this case were not de minimis. Sheet Metal indicated that it would no longer pursue the blood testing allegation only after this allegation enabled Sheet Metal to escape the motion to dismiss. The district court was forced to give the blood testing allegation significant consideration in both the oral and written decisions denying this motion to dismiss. Sheet Metal also expressly left open the possibility that it may continue to pursue this claim in the future. Hoffman and the trial court were thus forced to expend at least some additional resources on this allegation in order to dispose of this suit. Thus, this is not a case where the "frivolous" allegation had little or no effect on the parties and the litigation and the alleged Rule 11 violation can be characterized as de minimis or harmless. A remand, therefore, is necessary for the district court to consider the motion for sanctions under the correct legal standard.
 Hoffman also contends that sanctions should have been awarded based on Sheet Metal's allegedly frivolous contention that Hoffman used economic coercion and threats against several subcontractors. Once again, the magistrate concluded that Sheet Metal did not make a reasonable inquiry. The district court agreed that the claims were unsubstantiated, but declined to impose sanctions because Sheet Metal "was unaware of the paucity of proof" supporting this allegation. The district court never discussed whether a reasonable inquiry conducted prior to the signing of the complaints should have discovered the facts indicating that the allegation was unsubstantiated. Unioil, 809 F.2d at 557. The district court also did not base its decision on whether this allegation was merely "a minor or insignificant allegation or subclaim." Townsend, 929 F.2d at 1365 n. 4.
 Furthermore, the district court's ruling on the motion to dismiss does not save Sheet Metal from sanctions based on the failure to conduct a reasonable inquiry. Although the district court determined that Sheet Metal's complaint stated a claim for relief and denied the motion to dismiss, the district court did not hold that the factual allegations in the complaint had been reasonably investigated prior to the signing of the complaint. Therefore, the district court applied the incorrect legal standard and abused its discretion.
 Hoffman also argues that the district court abused its discretion by denying sanctions under Rule 11 based on the complaint's allegations concerning breach of contract, intent, and damages. If the reviewing court cannot discern the basis of the district court's ruling on a sanctions issue, a remand is necessary. Townsend, 929 F.2d at 1366. In this case, neither the district court nor the magistrate judge discussed why these allegations should not result in sanctions under the appropriate legal standard. Therefore, we remand this issue to the district court. On remand, the court should address whether this issue was properly raised in the motions for sanctions and, if properly raised, whether sanctions are appropriate.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation