110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BARKLEY, Trustee, Plaintiff
and
Christy Morrison; Charles Havens, Plaintiffs
v.
Gerold HERMUNDSLIE, dba Accumulated Capital, Defendant-Appellee
v.
Joseph WATKINS, Real-party-in-interest-Appellant.
 No. 96-15806.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1997.
Decided March 25, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Throughout this case the district court explicitly stated that it was applying the pre-1993 version of Federal Rule of Civil Procedure 11, and Watkins never objected. In its May 1995 order granting sanctions, the district court stated the "former rule applies." Again, in its April 1996 order denying Watkins' Rule 59 motion, the court explained that it was "not inclined to modify its ruling that the pre-1993 version governs this case." In neither of these instances did Watkins object to application of the pre-1993 Rule 11. "We do not consider issues not raised in the district court, unless they implicate jurisdiction, injustice might otherwise result, or public policy demands their resolution." Royal Ins. Co. v. Sea-Land Serv., Inc., 50 F.3d 723, 729 (9th Cir.1995). None of those exceptions apply, accordingly we will not consider Watkins' argument that the 1993 amendments to Rule 11 are applicable.
 
 II.
 
 3
 Watkins also argues that the district court abused its discretion by imposing sanctions under Rule 11. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (holding that we apply an abuse of discretion standard in reviewing all aspects of a district court's Rule 11 determination). "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." Id. at 402.
 
 
 4
 Watkins violated the old Rule 11 if the complaint was objectively "frivolous." See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc). If both frivolous and non-frivolous claims are asserted in a single complaint, frivolousness is evaluated "under all the circumstances of [the] case." Id. at 1364. A complaint is frivolous if it is both baseless and filed without a reasonable inquiry. Id. A complaint filed without a reasonable inquiry, but which is later shown to have merit, is not sanctionable under Rule 11. See In re Keegan Management Co. Sec. Litig., 78 F.3d 431, 434-35 (9th Cir.1996).
 
 
 5
 Watkins argues that he performed a reasonable inquiry prior to filing the complaint. First, Watkins claims to have relied upon the declaration of his client, Christy Morrison, signed under penalty of perjury. In his brief Watkins cites Hamer v. Career College Assoc., 979 F.2d 758 (9th Cir.1992), for the proposition that "this Court has held that an attorney who relies upon the declaration of a client under penalty of perjury may avoid sanctions." Watkins omits an important qualification stated in Hamer, the actual quote states:
 
 
 6
 Such an affidavit should be sufficient to constitute reasonable investigation for purposes of Rule 11 in a case such as this one, where the exigencies of a temporary restraining order require immediate action by counsel.
 
 
 7
 Id. at 759. Here, Watkins does not argue that any exigency existed necessitating a cursory investigation. Indeed, the facts giving rise to this suit were complete one year before the complaint was filed and Watkins was retained at least nine months before he filed the suit. Watkins does not argue that there was insufficient time to conduct a reasonable inquiry.
 
 
 8
 Second, Watkins argues that he attempted to verify Morrison's allegations through the use of a financial expert, Kerry Braswell. The record contains only one letter from Braswell prior to the filing of the complaint. Braswell begins her letter explaining, "[t]he following are my conclusions after today's meeting with Christy Morrison." The letter then concludes that Morrison "has good grounds for a personal injury/malpractice suit against Gerald Hermundslie." The best that can be said about this letter is that it identifies serious problems in Hermundslie's bookkeeping. It falls far short, however, of providing a basis for filing a complaint alleging, inter alia, forgery, fraud and embezzlement.
 
 
 9
 Watkins argues further that even if he failed to make a reasonable inquiry before filing the complaint, evidence later discovered showed that his complaint had merit. Contrary to Watkins' argument, however, after filing the complaint, his case got even worse. After Watkins filed the complaint, plaintiff Morrison's deposition was taken, during which she conceded that several allegations in the complaint had no basis in fact. For example, the complaint alleged that Hermundslie never loaned APTC any money but that Hermundslie wrongfully caused APTC to make "loan payments" to him. During her deposition, Morrison admitted knowledge that Hermundslie had indeed loaned at least $100,000 to APTC. Further, the complaint alleged that Hermundslie forged checks. When Morrison was asked about the forgeries during her deposition, Watkins interjected:
 
 
 10
 WATKINS: On the record I will say that we are going to change that with an Amended Complaint. The essence goes to the theft by conversion which is essentially through sleight of hand and financial sleight of hand. The allegations will be that he had funds either being rerouted to himself; Accumulated Capital, his corporation; or to purchase vehicles that were bought in his name and then leased back without specifically making the corporation people aware of what was happening.
 
 
 11
 QUIGLEY: So we are not talking about situations where he's endorsing either a signature on the front or back of a check that's improper?
 
 
 12
 WATKINS: To my knowledge he has never put someone else's name on a check, and that's something that I'll look at again.
 
 
 13
 Attempting to downplay the impact of the Morrison deposition, Watkins points to three additional letters from his financial expert Braswell, dated June 14, July 19, and August 19, 1994. However, none of these letters establish specific acts of wrongdoing justifying the allegations made in the complaint. Because the evidence submitted by Watkins fails to establish that he made a reasonable inquiry prior to filing the complaint and fails to show merit in the complaint, the district court did not abuse its discretion in sanctioning Watkins.
 
 
 14
 Finally, Watkins asks us to consider additional evidence submitted with several motions for reconsideration of the district court's order granting sanctions. This evidence consisted of affidavits of Braswell, APTC's bankruptcy trustee, and Watkins, and other supporting documentation. None of this, however, may be considered "new evidence" for purposes of his motions for reconsideration. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Watkins fails to explain why this evidence was not submitted to the district court for consideration on Hermundslie's motion for sanctions. Accordingly, the district court did not abuse its discretion in denying Watkins' motions for reconsideration.
 
 III.
 
 15
 Watkins' claim for an evidentiary hearing is meritless. He had from October 1992 (when the complaint was filed), through May 1995 (when the court ordered sanctions), to marshal evidence showing merit to his complaint. Throughout this time Watkins failed to submit evidence regarding the reasonableness of his own inquiry, or the frivolousness of the complaint.
 
 CONCLUSION
 
 16
 The district court did not abuse its discretion by imposing sanctions against Watkins under the pre-1993 version of Rule 11. Nor did the district court abuse its discretion in refusing to grant Watkins' request of an evidentiary hearing.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3