The COCA–COLA COMPANY, a/k/a Seal 1, Plaintiff–Appellee,

v.

M.R.S. DISTRIBUTORS INC., a/k/a Kerlan Jobe Orthopaedic Clinic, Defendant–Appellant,

and

Mercado Latino Inc., a California corporation a/k/a Frank W. Jose, MD; PLS Cash & Carry, a California corporation a/k/a Seal F; Mercado Central, a proprietorship a/k/a Clarence L. Shields, MD; Azteca Foods, a California corporation a/k/a Seal H; Salva–Mex Enterprises, Inc., a California corporation a/k/a Seal B; Jack's Wholesale Produce Company, a California corporation a/k/a Seal D; Soda–Soda Distributors, a California corporation a/k/a Seal E, Defendants.

No. 04–57138.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007 *.

Filed March 12, 2007.

Kathy M. Banke, Esq., Reed Smith, LLP, Oakland, CA, Peter J. Kennedy, Esq., Reed Smith, LLP, Los Angeles, CA, for Plaintiff–Appellee.

William A. Wineberg, Esq., Margaret A. Ziemianek, Esq., Weinberg, Simmonds & Narita, San Francisco, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,** District Judge.

MEMORANDUM ***

Appellant M.R.S. Distributors, Inc. ("MRS") appeals from the district court's order denying its Federal Rule of Civil Procedure 60(b)(5) motion to vacate the permanent $100,000 bond requirement in the 1995 "Amended Final Judgment and Permanent Injunction Against Defendant M.R.S. Distributors, Inc." We review for abuse of discretion the district court's denial of MRS's Rule 60(b)(5) motion. *SEC. v. Coldicutt,* 258 F.3d 939, 941 (9th Cir. 2001).

Though a district court need not recite verbatim the governing legal standard, the district court's failure here to acknowledge and apply the two-step approach for evaluating a Rule 60(b)(5) motion set forth in *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992), constitutes an abuse of discretion. *See Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1224 (9th Cir.2000) (reversing denial of motion for relief from judgment where the district court omitted the correct legal standard altogether and its analysis pertained to only one equitable factor). Because the district court failed to articulate a reasoned basis for its decision, and this court cannot meaningfully review the district court's denial, we vacate and remand so the district court can re-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hear the motion and make the necessary factual findings before applying the test announced in *Rufo*. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir.1991) (noting district court's broad fact-finding powers in area of sanctions to which appellate courts must defer, but requiring remand where uncertain about the district court's reasoning or unable to discern whether the district court considered the relevant factors).

VACATED AND REMANDED.