**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON G. HELLER, an individual and sole proprietor, DBA Floating Lightbulb Toys,<br><br>          Plaintiff,<br><br>  v.<br><br>CEPIA L.L.C., a Missouri limited liability company; A-TECH PRODUCT ENGINEERING COMPANY, LIMITED, a Hong Kong limited liability company; THE BEAN PROJECT COMPANY LIMITED, a Hong Kong limited liability company; YING LEUNG INTERNATIONAL LIMITED, a Hong Kong limited liability company,<br><br>         Defendants - Appellees,<br><br>  V.<br><br>ROBERT CRAIG MATZ,<br><br>         Real-party-in-interest - Appellant. | No. 12-15083<br><br>D.C. No. 3:11-cv-01146-JSW<br><br>MEMORANDUM[*] |

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 13, 2014[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and MURGUIA, Circuit Judges.

Attorney Robert Matz appeals the district court's order imposing sanctions against him under Federal Rule of Civil Procedure 11 for factual misrepresentations in a complaint he filed on behalf of his client, Jason Heller, in the underlying trade secret misappropriation action. We review for abuse of discretion the decision to impose Rule 11 sanctions and the reasonableness of the sanctions imposed. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002). The district court's legal conclusions must be affirmed unless they reflect a "materially incorrect view" of the law. *Id.* at 1127 (internal quotation marks omitted). The district court's factual findings supporting sanctions must be affirmed unless clearly erroneous. *Id.*

The district court did not abuse its discretion in concluding that individual factual misrepresentations in a pleading can be sanctionable under Rule 11. Rule

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

11 requires an attorney to certify that factual allegations in a pleading have evidentiary support, and the failure to comply may warrant sanctions. Fed. R. Civ. P. 11(b), (c); *see also Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). In addition, the presence of some supported allegations in a pleading does not necessarily shield from sanctions an attorney who also includes unsupported allegations. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990) (en banc) ("It would ill serve the purpose of deterrence to allow . . . a 'safe harbor' for improper or unwarranted allegations.").

Further, the district court did not clearly err in finding that no evidence supported the allegation that the sign-in sheets "appear[ed] to confirm" that representatives of Cepia L.L.C. (Cepia) had visited the premises of The Bean Project Company Limited. The district court likewise did not clearly err in finding that no evidence supported the allegation that the plaintiff in the underlying action, Heller, had "confronted" some of the defendants, who in turn had "refused" to provide information regarding their connections with Cepia. And whether Heller (and Matz) subjectively intended to confront the defendants is irrelevant, given that the inquiry is objective. *See Zaldivar v. City of L.A.*, 780 F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

Finally, the district court did not abuse its discretion in ordering Matz to pay $5,000 in sanctions to Cepia. *See Christian*, 286 F.3d at 1126. Such a sanction is hefty, especially given that the district court did not conclude that the complaint was baseless, but the amount is not so unreasonable that it constitutes an abuse of discretion.

**AFFIRMED.**