NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: ELIZABETH BLANCHE NELSON, <br><br>                Debtor, <br> ---------------------------------------- <br><br> WEINSTEIN, PINSON & RILEY, P.S. and WILLIAM S. WEINSTEIN, <br><br>           Plaintiffs - Appellants, <br><br>   V. <br><br> ELIZABETH BLANCHE NELSON, <br><br>           Defendant - Appellee. | No.   14-56103 <br><br> D.C. No. 5:13-cv-02386- DSF <br> Adv. No. 6:12-ap-01480-SC <br> Bankruptcy No. 6:12-bk-30664-SC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 6, 2016[**]
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges and GORDON,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew P. Gordon, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Weinstein, Pinson & Riley, P.S. (WPR) and William S. Weinstein appeal the district court's ruling affirming in part and reversing in part the bankruptcy court's imposition of sanctions under Federal Rule of Bankruptcy 9011. We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm in part, and reverse and remand in part.

1. We agree with the district court that the bankruptcy court did not abuse its discretion in finding that WPR filed a frivolous adversarial complaint. WPR argues that the court abused its discretion by deeming its three-count complaint frivolous because two of its counts were factually supported. As noted by the district court, one baseless allegation provides a sufficient basis for Rule 9011 sanctions. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362–63 (9th Cir. 1990).[1] Nor do we find that the imposition of monetary sanctions and a public reprimand were impermissibly punitive in nature. See Fed. R. Civ. P. 11, Adv. Comm. Notes (1993); Gotro v. R & B Realty Grp., 69 F.3d 1485, 1488 (9th Cir. 1995). Instead, the sanctions here were "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

---

[1] "Because FRCP 11 and Bankruptcy Rule 9011 use virtually identical language, we often rely on cases interpreting the former when construing the latter." In re Marsch, 36 F.3d 825, 829 (9th Cir. 1994).

FED. R. BANKR. P. 9011(c)(2).

2. However, the district court erroneously upheld the portion of the bankruptcy court's order that directed Weinstein to publicly report that he had been sanctioned. The district court reversed the sanctions that the bankruptcy court imposed against Weinstein because the bankruptcy court failed to give Weinstein notice. Consequently, the bankruptcy court's order that directed Weinstein to publicly report that he had been sanctioned contained a factual inaccuracy: that he had been sanctioned. The district court thus erred in ordering Weinstein to publicly report that factual inaccuracy. We therefore remand to the district court with instructions to remand to the bankruptcy court to determine whether its order should be revised or whether further proceedings against Weinstein are appropriate.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

**The parties shall bear their own costs.**