Lionel LIMA, Jr.; et al., Plaintiffs-Appellees,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, Defendant,

and

The Law Office of David B. Rosen and David B. Rosen, Defendants-Appellants.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Evelyn Jane Gibo, individually and on behalf of all others similarly situated, Plaintiff-Appellee,

v.

U.S. Bank NA, Defendant,

and

The Law Office of David B. Rosen and David B. Rosen, Defendants-Appellants.

David Emory Bald, individually and on behalf of all others similarly situated and Emily Lelis, individually and on behalf of all others similarly situated, Plaintiffs-Appellees,

v.

The Law Office of David B. Rosen and David Bradley Rosen, Defendants-Appellants,

and

Doe Defendants 1-50 and Wells Fargo Bank, NA, a national banking association, Defendants.

No. 13-17420, No. 13-17421, No. 13-17623

United States Court of Appeals, Ninth Circuit.

Argued October 13, 2015

Filed April 19, 2017

608

James J. Bickerton, Attorney, Bickerton Dang, Honolulu, HI, Stanley Herbert Roehrig, Esquire, Attorney, Law Office of Stanley H. Roehrig, Hilo, HI, for Plaintiff-Appellee Lionel Lima, Jr.

James J. Bickerton, Attorney, Bickerton Dang, Honolulu, HI, John Francis Perkin, Attorney, Perkin & Faria LLLC, Honolulu, HI, Stanley Herbert Roehrig, Esquire, Attorney, Law Office of Stanley H. Roehrig, Hilo, HI, for Plaintiffs-Appellees Barbara-Ann Delizo-Lima, Calvin Jon Kirby III

Andrew V. Beaman, Chun Kerr LLP, Honolulu, HI, Bernard James Garbutt, III, Attorney, Morgan, Lewis & Bockius LLP, New York, NY, for Defendant

Christopher Tanega Goodin, Esquire, Attorney, Peter William Olson, Attorney, Cades Schutte LLP, Honolulu, HI, David Bradley Rosen, Esquire, Attorney, The Law Offices of David B. Rosen, ALC, Honolulu, HI, for Defendants-Appellants

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM [*]

In these cases, Defendants-Appellants the Law Office of David B. Rosen and David B. Rosen, Esq. (collectively, the Attorney Defendants) appeal from the district court's orders denying their motions for sanctions under Federal Rule of Civil Procedure 11 against Plaintiffs-Appellees Lionel Lima, Jr., Barbara-Ann Delizo-Lima, Calvin Jon Kirby III, Evelyn Jane Gibo, David Emory Bald, Emily Lelis, and attorneys James J. Bickerton, Stanley Herbert Roehrig, John Francis Perkin, and Brandee J.K. Faria (collectively, Plaintiffs).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we review the district court's decisions for an abuse of discretion. *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003). We affirm.

Under Rule 11, an attorney submitting papers to a federal court certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). An argument is frivolous if it "is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358,

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. In *Lima*, 13-17420, Plaintiffs Lionel Lima, Jr., Barbara-Ann Delizo-Lima, and Calvin Jon Kirby III are represented by James J. Bickerton, Stanley Herbert Roehrig, and John Francis Perkin. In *Gibo*, 13-17421, the same trio of attorneys represents Plaintiff Evelyn Jane Gibo. In *Bald*, 13-17623, Plaintiffs David Emory Bald and Emily Lelis are represented by James J. Bickerton, Brandee J. K. Faria, and John Francis Perkin.

1362 (9th Cir. 1990). These elements are assessed from an objective standpoint, i.e., according to what a "reasonable attorney" would have believed. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996). "Because the rule is not intended to chill an attorney's enthusiasm or. creativity in pursuing factual or legal theories," Rule 11 sanctions are reserved for "the exceptional circumstance." *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990) (internal quotation marks and alteration omitted). "The key question ... is whether a complaint states an arguable claim—not whether the pleader is correct in his perception of the law." *Id.* (internal quotation marks omitted).

In these cases, none of the Plaintiffs' arguments identified by the Attorney Defendants was objectively baseless. Thus, the district court did not abuse its discretion by concluding that sanctions were not warranted.

■ 1. The Attorney Defendants first contend that it was frivolous for Plaintiffs to argue that they have standing to sue the Attorney Defendants because they are "consumers" under Hawaii's Unfair or Deceptive Acts or Practices Act (UDAP). *See* Haw. Rev. Stat. (HRS) §§ 480-1–480-24. The Hawaii Supreme Court recently vindicated Plaintiffs' argument. It held that a mortgagor "is a consumer based on the mortgage with [the bank], and is thus also a consumer vis-à-vis the mortgagee's lawyer for the same transaction." *Hungate v. The Law Office of David B. Rosen*, 139 Hawai'i 394, 407, 391 P.3d 1 (2017) (internal quotation marks omitted). This argument accordingly furnishes no basis for the award of sanctions.

■ 2. Next, Plaintiffs argued that the Attorney Defendants violated UDAP by advising their clients to postpone auctions without first publishing a notice of each postponed auction's rescheduled date and time, thereby breaching a purported duty of care owed by the Attorney Defendants to Plaintiffs. This argument did not prevail in *Hungate, see id.* at 407-08, 391 P.3d 1, but it nonetheless was not legally baseless. The Hawaii Supreme Court previously found duties of care to exist between attorneys and non-clients in non-adversarial contexts, and Plaintiffs argued reasonably that those principles were applicable here. *See Blair v. Ing*, 95 Hawai'i 247, 21 P.3d 452, 465–66 (2001) (imposing duty of care in the estate planning context). In *Blair*, for instance, the court adopted a multi-factor balancing test to ascertain whether such a duty was appropriate, and noted that the inquiry "must be decided on a case-by-case basis." *Id.* at 465. Accordingly, Plaintiffs advanced a plausible argument that attorneys may be held liable in these circumstances under UDAP, particularly in light of the statute's broad remedial purpose and the fact that UDAP does not contain a carve-out provision for lawyers.

■ 3. Plaintiffs also pressed the argument that the Attorney Defendants violated UDAP by breaching either the terms of the mortgage or former HRS § 667-5 (2008), which provided that "[a]ny sale ... may be postponed from time to time by public announcement." Plaintiffs claimed that the Attorney Defendants violated UDAP by issuing oral rather than written announcements of postponed foreclosure auctions, thereby depressing the ultimate sale prices received at those auctions. Plaintiffs' claims were not ultimately meritorious, *see Hungate*, 139 Hawai'i at 402-03, 391 P.3d 1 (mortgagor cannot assert a claim against a foreclosing mortgagee's attorney for failure to comply with HRS § 667-5); *see also id.* at 407-08 (mortgagee's attorney is not liable to a mortgagor under § 480-2 for assisting mortgagee

with non-judicial foreclosure), but neither were they legally frivolous. The Hawaii Supreme Court recently interpreted a standard power of sale clause in a mortgage as requiring · written publication of postponements, despite § 667-5's allowance of postponements by public announcement. *See id.* at 400. Moreover, Plaintiffs' contention that violations of UDAP can exist independently of · violations of HRS § 667-5(d) or the mortgage agreement was plausible based on the relatively generous standard of *Silva v. Lopez*, 5 Haw. 262, 265 (1884), which was recently reaffirmed by the Hawaii Supreme Court. *Hungate*, 139 Hawai'i at 403-04, 391 P.3d 1.

■ 4. The Attorney Defendants also insist that Plaintiffs' Warranty Claim was baseless. However, the complaint and the hearing transcript indicate that the Attorney Defendants were not the subject of the Warranty Claim. This argument therefore is not a proper basis for sanctions.[2]

**AFFIRMED.**

2. In light of the above, we decline to reach the questions of whether the Attorney Defendants complied with Rule 11's "safe harbor" provision, and whether *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870 (9th Cir. 2014), should have precluded the Attorney Defendants from waiting until dismissal to file their Rule 11 motions.