**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URS HOLDINGS, INC., an Ohio corporation,<br><br>             Plaintiff-Appellee,<br><br>  v.<br><br>GARY TOPOLEWSKI,<br><br>             Defendant-Appellant,<br><br> and<br><br>JOHN RIPLEY; et al.,<br><br>             Defendants. | No.    22-55546<br><br>D.C. No.<br>2:17-cv-05398-RSWL-AGR<br><br>MEMORANDUM[*] |
| URS HOLDINGS, INC., an Ohio corporation,<br><br>             Plaintiff-Appellee,<br><br>  v.<br><br>JOHN RIPLEY; et al.,<br><br>             Defendants,<br><br> and | No.    22-55547<br><br>D.C. No.<br>2:17-cv-05398-RSWL-AGR |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MORRISON KNUDSEN CORPORATION,
a Nevada corporation; et al.,

Defendants-Appellants.

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted September 14, 2023[**]
Pasadena, California

Before:  SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

Defendant Gary Topolewski and Defendants Morrison Knudsen Corporation, Morrison-Knudsen Company, Inc., Morrison-Knudsen Services, Inc., and Morrison-Knudsen International Inc. (collectively the Corporate Defendants) appeal from the district court's judgment in favor of plaintiff AECOM Energy and Construction, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether a district court has the authority to impose sanctions. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). We review a district court's imposition of sanctions for abuse of discretion. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006). "The district court has 'broad fact-finding powers' with respect to sanctions, and its findings warrant 'great

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deference.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990) (en banc)).

1. As a sanction against all defendants, the district court deemed it true that defendants had collected on a $36 million contract, and the court ultimately awarded damages in that amount to AECOM. The district court had the authority to impose that sanction under the "inherent power of federal courts to levy sanctions in response to abusive litigation practices." *Leon*, 464 F.3d at 958. A court may impose sanctions under its inherent power "if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). The district court did so here, finding that defendants failed to comply with an order to produce various financial records necessary to resolve the issue of damages. *Id.* at 991 (holding that the court may use its inherent power to sanction a party who willfully disobeys a court order).

Defendants argue that AECOM is at fault for the failure to obtain financial information during discovery, noting that after remand from this court, it did not pursue its outstanding discovery requests and eventually moved for sanctions. Given defendants' failure to respond to numerous discovery requests, it was reasonable for AECOM to conclude that pursuing sanctions would be a more productive course than continuing fruitless discovery.

Additionally, the Corporate Defendants argue that they did not willfully disobey the district court's order because they did not have access to any of their own financial documents that would have assisted in a damages calculation. But the district court was within its discretion to discount the credibility of that assertion, especially given that the employee whose declaration supported it failed to appear for his deposition.

Further, the district court did not abuse its discretion in applying the sanction to Topolewski along with the Corporate Defendants. It found that Topolewski, who held multiple executive roles with the Corporate Defendants, is jointly and severally liable for the infringement at issue in the case and was "extensively involved with Corporate Defendants despite his current statements to the contrary." In addition, Topolewski was involved in other willful misconduct highlighted by the district court as deserving of sanctions, including violating a preliminary injunction, failing to respond to other discovery requests, and failing to appear at his first deposition.

The district court did not abuse its discretion by relying on a press release to deem it true that defendants had collected on a $36 million contract. The district court found that defendants willfully concealed their financial information, preventing the assessment of damages. Accordingly, it reasoned that the defendants must have made some profit in their scheme, or else "they would not

4

have evaded discovery in the first place and could have simply turned over the records." *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (identifying a presumption that "the party resisting discovery is doing so because the information sought is unfavorable to its interest"). In the absence of reliable financial records, it was not an abuse of discretion to rely on an undisputed, publicly available press release to determine an appropriate damages figure.

Defendants argue that the sanction and subsequent damages award conflict with our decision in an earlier appeal in this action. *See AECOM Energy & Constr., Inc. v. Morrison Knudsen Corp.*, 851 F. App'x 20 (9th Cir. 2021). But our decision expressly noted that it did "not preclude the district court on remand from considering whether a discovery sanction is appropriate should AECOM seek such relief, such as a sanction focused on the evidentiary inferences that may be drawn from the defendants' refusal to produce relevant financial records." *Id.* at 22 n.5; *see id.* at 23–24 (Friedland, J., concurring in the judgment).

Finally, defendants argue that the sanction and damages award are contrary to the Lanham Act. Because the $36 million figure was used as a sanction for litigation misconduct, it need not be proved with the level of certainty required by the Lanham Act.

2. The district court's inherent authority also permits the imposition of terminating sanctions for abusive litigation tactics, including discovery

5

misconduct. *See Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). Defendants offer no support for their assertion that the district court's inherent authority is limited such that it may not impose both monetary and terminating sanctions for the same discovery misconduct.

"A terminating sanction . . . is very severe," and "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). As discussed above, the district court did not err in finding that defendants' conduct rose to this level of bad faith and willfulness. Before imposing a terminating sanction, the district court must also weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch*, 69 F.3d at 348). A court need not make an express finding for each factor, but it must expressly consider less severe alternatives. *Id.* The district court did so here, rejecting lesser sanctions because it anticipated continued misconduct. *See Connecticut Gen. Life Ins.,* 482 F.3d at 1097 ("It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." (quoting *Anheuser-Busch*, 69 F.3d at 352)).

The motion to substitute (Dkt. No. 28 in Appeal No. 22-55546 & Dkt. No. 22 in Appeal No. 22-55547) is **GRANTED**. The motion to take judicial notice (Dkt. Nos. 19 & 20 in Appeal No. 22-55546) is **DENIED**.

**AFFIRMED.**